IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-1570-RPM

HAROLD CUNNINGHAM,
JOHN W. NARDUCCI, JR.,
JEREMY PINSON, and
ERNEST NORMAN SHAIFER,

      Plaintiffs,

vs.

FEDERAL BUREAU OF PRISONS,
CHARLES E. SAMUELS, JR.
PAUL M. LAIRD,
BLAKE R. DAVIS, and
DAVID A. BERKERBILE,

      Defendants.

---

## MOTION TO STRIKE DOCKET NUMBER 44

---

Defendants, by undersigned counsel, hereby move to strike Docket Number 44, which is entitled "Plaintiffs' Supplemental Submission of Authority and Declaration in Opposition to Defendants' Motion to Dismiss" (hereinafter referred to as "Plaintiffs' Supplemental Submission"). That filing was docketed as a "Notice of Supplemental Authorities and Declaration" and was filed on January 3, 2013. Plaintiffs' Supplemental Submission is not a proper notice of supplemental authority. It offers a declaration that was not included in Plaintiffs' response to the motion to dismiss, and references cases and a statute that could have been (but were not) cited in Plaintiffs' response (as opposed to any new authority that was

unavailable at the time of the filing of the response).  It is in essence a surreply to Defendants'

motion to dismiss, and Plaintiffs did not obtain leave of Court to file a surreply.  The Court

should strike this late-filed submission.

## INTRODUCTION

This case is brought by four inmates who are currently incarcerated at the Bureau of

Prisons' Administrative Maximum facility in Florence, Colorado ("ADX").  Doc. 1 ¶¶ 14.  These

four Plaintiffs claim that the Defendants are subjecting them to cruel and unusual punishment.

*Id.* ¶¶ 7-8, 317-24.  Plaintiffs named, as Defendants, the Federal Bureau of Prisons and five

named individual top-level officials, sued in their official capacity only: the Bureau of Prisons'

Director; its Medical Director; the Regional Director of the North Central Region; the Assistant

Director of the Correctional Programs Division; and the current warden at the ADX.  While

those individuals' titles are described in the beginning of the Complaint, they are not mentioned

further in the Complaint.  Only Warden Berkebile is alleged to currently work in Colorado.

On October 9, 2012, Defendants moved to dismiss, arguing that Plaintiffs had failed to

allege facts stating a claim under the Eighth Amendment and that the Court lacked personal

jurisdiction over the Defendants who work out of state (Director Samuels, Assistant Director

Davis,[1] and Regional Director Laird).

The parties moved for an extended briefing schedule on the motion.  The Court granted

that request.  Plaintiffs filed a 45-page response on November 21, 2012.  On December 19, 2012,

Defendants filed their reply.

Fifteen days later, on January 3, 2013, Plaintiffs filed their Supplemental Submission.

Plaintiffs did not seek leave of Court before doing so.  The Supplemental Submission addresses

---

[1] Defendants also argued that the Court lacked personal jurisdiction over Assistant Director
Kendig.  Thereafter, Plaintiffs voluntarily dismissed him as a Defendant.

only the personal jurisdiction issue.  It provides a declaration from an inmate, who is not a

named Plaintiff, who asserts that Assistant Director Davis and Regional Director Laird were at

the ADX in October 2012 and that he had a conversation with them about mental health issues

involving other inmates.  The Supplemental Submission also cites authority, none of which is

new authority.  The Supplemental Submission should be stricken for the reasons explained

below.

## ARGUMENT

The purpose of a notice of supplemental authority is to allow a party to inform the Court

of a recently discovered authority, not to reargue issues that could have been raised in an earlier

filing.  *See, e.g.,* Fed. R. App. P. 28(j) (allowing for a notice of supplemental authority where

"pertinent and significant authorities come to a party's attention after the party's brief has been

filed").  This Court's Local Rules do not provide for the filing of a notice of supplemental

authority.  The Local Rules provide that a response and reply may be filed to a motion. *See* D.C.

Colo. LCivR 7.1C.  They do not allow for the filing of a surreply, and thus a party must seek

leave of Court to leave to file a surresponse or surreply.

Plaintiff's Supplemental Submission should be stricken.  Plaintiffs do not explain in the

Supplemental Submission why they did not provide the declaration or the cited authorities

earlier.  They do not explain how that declaration, which is by an inmate other than the Plaintiffs,

shows any contacts giving rise to Plaintiffs' claims.  As for the law cited in the notice, Plaintiffs

do not suggest that their counsel only recently discovered the authorities cited in the

Supplemental Submission.  Indeed, the Supplemental Submission cites a statute that was first

passed in 1948, a Supreme Court decision decided in 1980, and a Tenth Circuit case decided in

2000.  Plaintiffs provide no reason why they were unable to present these authorities in a timely manner in their previously filed response.

Thus, the Supplemental Submission is in essence nothing more than a surreply filed without leave of Court.  The Court should strike it as not allowed by the Local Rules. Alternatively, the Court should disregard the declaration and the arguments made in the Supplemental Submission because Defendants have not had an opportunity to respond to them, and then proceed to decide the motion based on the motion, response, and reply.  *See, e.g., M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) (holding that arguments raised for the first time in a reply that could have been raised earlier are waived and granting motion to strike portion of reply brief raising new arguments); *Colorado Rail Passengers Ass'n v. Federal Transit Auth.*, 843 F. Supp. 2d 1150, 1170 (D. Colo. 2011) (citing *id.*); *see also Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (generally, when a party puts forth new arguments in a reply brief, a court may by either: (1) choose not to rely on the new arguments in determining the outcome of the motion; or (2) permit the nonmoving party to file a response to those new arguments (citing *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998))).

This delayed submission is prejudicial to Defendants.  In Plaintiffs' response to the motion to dismiss, they conceded that they had the burden to prove personal jurisdiction.  (Doc. 37 at 38.)  After the briefing on that motion had closed and relying on cases that were not cited in the response, Plaintiffs now assert that the burden is on each Defendant to show that litigating the case in this forum is gravely difficult and inconvenient.  Defendants did not address this burden in their reply because Plaintiffs never articulated this argument in their response.

Plaintiffs also fail to mention that, to the extent *Peay v. Bell South Med. Assistance Plan*

applies,[2] it sets forth five factors that the Court should consider:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

205 F.3d 1206, 1212 (10th Cir. 2000) (citation omitted).  Again, Defendants had no opportunity

to address these factors because Plaintiffs never made this argument.  Significantly, Plaintiffs

still proffer no reason why, given that the ADX Warden and the Bureau of Prisons itself are

subject to personal jurisdiction here and are proper Defendants against whom Plaintiffs can

obtain all of the relief that they seek in this case, the high-ranking out-of-state Bureau of Prisons

officials should remain Defendants in the case.

Finally, the proffered declaration, which simply states that Mr. Davis and Mr. Laird were

at the ADX and had a conversation with a non-party inmate about mental health issues, is

irrelevant.  In Plaintiffs' response, they made similar allegations about a visit by Director

Samuels to the ADX.  As explained in Defendants' reply, an allegation about a sole visit to

Colorado after this lawsuit was filed is not sufficient to confer jurisdiction.  Such a claim does

not show that these Defendants "purposely directed" their activities to Colorado.  *See United

States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002).  Nor have Plaintiffs shown that the

---

[2] Plaintiffs' position that *Peay* applies here seems to conflict with the Tenth Circuit's recent decision in *Arocho v. Lappin*, 461 F. App'x 714, 717 (10th Cir. 2012), which looked at whether the former Bureau of Prisons director had "purposefully directed" activities at the forum state that gave rise to the plaintiff's injury in a case involving both individual and official capacity claims.  (*See* Doc. 192 at p. 7, in *Arocho v. Lappin*, 07-cv-2603-REB-KLM (amended complaint, seeking injunctive and declaratory relief, as well as damages).)  Again, Defendants have not had an adequate opportunity to address this issue because Plaintiffs did not raise it in their response.

litigation results from alleged injuries which arise out of or relate to this visit.  *See Monge v. RG Petro-Machinery (Group) Co.,* 701 F.3d 598, 613-14 (10th Cir. 2012) (discussing in detail the requirement that, before a court can exercise personal jurisdiction over a nonresident defendant, the defendant must "purposefully direct[] his activities at residents of the forum," and the litigation must "result[] from alleged injuries that arise out of or relate to those activities").

## CONCLUSION

For the reasons explained above, the Court should strike Plaintiffs' Supplemental Submission.  Alternatively, the Court should not consider the declaration and the arguments set forth in the Supplemental Submission in ruling on the motion to dismiss because Plaintiffs failed to timely present them in their response.

## RULE 7.1A CERTIFICATION

Undersigned counsel has conferred with Plaintiffs' counsel regarding this motion and Plaintiffs oppose it.

DATED this 28th day of January, 2013.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/ Amy L. Padden
Amy L. Padden
Assistant United States Attorney
Deputy Chief, Civil Division
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: amy.padden@usdoj.gov

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of January, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

ed.aro@aporter.com
holly.sterrett@aporter.com
Paul.Rodney@aporter.com
nathan.foster@aporter.com
valerie.swanson@aporter.com
susan.cole@aporter.com
linda.teater@aporter.com
deborah_golden@washlaw.org

<u>s/ Amy L. Padden</u>
Amy L. Padden
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0408