IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01570-RPM

HAROLD CUNNINGHAM,
CARLTON DUNBAR,
JOHN W. NARDUCCI, JR.,
JEREMY PINSON,
JOHN J. POWERS,
ERNEST NORMAN SHAIFER, and
MARCELLUS WASHINGTON,

each individually and on behalf of all others similarly situated,

and

CENTER FOR LEGAL ADVOCACY
D.B.A. THE LEGAL CENTER FOR PEOPLE
WITH DISABILITIES AND OLDER PEOPLE,
COLORADO'S PROTECTION AND ADVOCACY
SYSTEM,

Plaintiffs,

vs.

FEDERAL BUREAU OF PRISONS.

Defendant.

---

**STIPULATED INTERIM PROTECTIVE ORDER CONCERNING
RECORDS TO PRODUCED IN ANTICIPATION OF THE EXPEDITED DEPOSITION
OF PLAINTIFF JOHN J. POWERS**

---

Pursuant to Fed. R. Civ. P. 26(c), and upon the stipulation of Plaintiffs and Defendant

Federal Bureau of Prisons ("BOP") to entry of an interim protective order restricting the use and

dissemination by Plaintiffs' counsel of certain records to be produced in anticipation of the

expedited deposition of Plaintiff John J. Powers, and finding good cause therefore, the Court finds and concludes as follows:

1. By oral order entered on May 24, 2013, the Court directed the parties to proceed with a videotaped testimony preservation deposition of Plaintiff John J. Powers. In order to facilitate the completion of that deposition of Mr. Powers on an expedited basis, the parties anticipate that the BOP will produce to Plaintiffs' counsel certain BOP records relating to Mr. Powers (collectively the "Initial Powers Production").

2. The parties have yet to conclude their efforts to negotiate a comprehensive protective order governing the use and dissemination of records produced in discovery in this case. They agree, however, that pending the Court's entry of such a comprehensive protective order, the records included in the Initial Powers Production should not be used or disclosed for any purpose other than for preparing for and taking the Powers Deposition, and that certain such records should not be disclosed to Mr. Powers.

3. Therefore, the parties have agreed to entry of this interim protective order to enable both the Initial Powers Production and the deposition of Mr. Powers to proceed on an expedited basis, on the following terms.

4. This interim protective order shall apply to all documents, materials, and information concerning Mr. Powers that the BOP includes in the Initial Powers Production. All documents in the Initial Powers Production shall be identified with a Bates Number that includes Mr. Powers' name, such as BOP_POWERS_000001, etc.

5. Except as specified in Paragraph 7, below, the BOP may mark all documents, materials, and information included in the Initial Powers Production with the legend "INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY."

6. INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY information shall not, without the prior written consent of Defendant or further order of the Court, be disclosed by Plaintiffs' counsel to any person, except that Plaintiffs' counsel may disclose such information to:

    (a) Attorneys and staff members of Arnold & Porter LLP working on this case;

    (b) Attorneys and staff members of the Washington Lawyer's Committee for Civil Rights and Urban Affairs working on this case;

    (c) Attorneys of the Center for Legal Advocacy d.b.a. The Legal Center for People With Disabilities And Older People working on this case;

    (d) Retained experts Craig Haney, Jeffrey Metzner, Doris Gundersen, Phil Wise, Mark Bezy, and Steve Cambra, to the extent such disclosure is necessary for preparation for or completion of the deposition of Mr. Powers;

    (e) Court reporting personnel present during the deposition of Mr. Powers; and

    (f) The Court, and necessary Court staff, pursuant to Paragraph 12, below.

7. Notwithstanding Paragraph 5, above, BOP may mark documents, materials, and information included in the Initial Powers Production to which Mr. Powers would have access

pursuant to existing BOP policies and procedures providing for prisoners access to their records with the legend "INITIAL POWERS PRODUCTION - POWERS ACCESS."

8. Plaintiffs' counsel may disclose INITIAL POWERS PRODUCTION - POWERS ACCESS information only to the persons identified in Paragraph 6, above, and may also disclose such information to Mr. Powers, provided that Mr. Powers may not retain such information in his cell. Documents marked INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY may not be shown to or disclosed to Mr. Powers or any persons other than those identified in Paragraph 6 above. Documents that are not designated as INITIAL POWERS PRODUCTION - POWERS ACCESS or INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY, but that are marked with a Bates Number that includes Mr. Powers' name (*e.g.*, BOP_POWERS_000001, etc.) may be shown to inmates other than Mr. Powers for the purpose of this litigation, but those inmates may not be provided with copies or maintain copies of those documents in their cell. If any party wishes to allow copies of such information to be provided to another inmate, counsel for the party shall give written notice to the counsel for the party designating the disputed information. The procedures in sentences 2 through 5 of paragraph 13 will then apply.

9. Any duplicates made by Plaintiffs' counsel of the information included in the Initial Powers Production must retain the designation INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS, as the case may be.

10. Before disclosing any INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS information to any

person listed in Paragraphs 6(d), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions and to be subject to the Court's jurisdiction. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause is demonstrated by the opposing party.

11. All portions of all recordings and transcripts of Mr. Powers' deposition involving the discussion or disclosure of INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS shall be subject to this Protective Order and to the same disclosure restrictions that apply to the information disclosed or discussed in the subject portions of the deposition. Any party may designate other portions of Mr. Powers' deposition as INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS information subject to the provisions of this Protective Order. Such designation should be made on the record during the deposition to the extent possible, but a party may designate the deposition, or portions thereof, as INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS information after transcription, provided written notice is given to opposing counsel within thirty (30) days after notice by the court reporter of the completion of the transcript. All parties shall treat the deposition as INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY and INITIAL POWERS PRODUCTION - POWERS ACCESS information until the time for providing the written notice in the preceding sentence has elapsed.

12. If a party desires to use INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS as an exhibit to a Court document, such information shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 and must retain the legend "INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY" or "INITIAL POWERS PRODUCTION - POWERS ACCESS."

13. A party may object to the designation of INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS, including the designation of any deposition testimony as such, by giving written notice to the counsel for the party designating the disputed information within twenty (20) days (or within a different time frame if agreed to by the parties) of the receipt of notice of the designation of such information and/or deposition testimony as INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS. The written notice of objection shall specifically identify the information to which the objection is made. If the parties cannot resolve the dispute within twenty (20) days after the time the written notice is received (or within a different time frame if agreed to by the parties), it shall be obligation of the party designating the INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS information to file within twenty (20) days thereafter (or within a different time frame if agreed to by the parties) an appropriate motion requesting that the Court determine whether good cause exists under Fed. R. Civ. P. 26(c) for the disputed information to be treated as INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS and subject to the terms of this Protective Order. The motion may attach the disputed INITIAL

POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS information as an exhibit to the motion, consistent with Paragraph 12 of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as INITIAL POWERS PRODUCTION - ATTORNEYS' EYES ONLY or INITIAL POWERS PRODUCTION - POWERS ACCESS.

14. Following the Court's entry of a comprehensive protective order in this action, that protective order will supersede this interim protective order in all respects. Accordingly, within thirty (30) days after entry of a comprehensive protective order, the BOP shall redesignate all records included in the Initial Powers Production and all portions of the transcript of Mr. Powers' deposition claimed by the BOP to be subject to any confidentiality obligation, in accordance with the terms of the superseding protective order, and produce such redesignated records and deposition excerpts to Plaintiffs' counsel. Thereafter, the superseding protective order shall govern the confidentiality of those materials in all respects.

15. The parties anticipate further dialogue and negotiation concerning the terms of a more broadly applicable protective order, and may request that the Court resolve any disputed issues regarding the form or content of a protective order. If the parties are unable to agree on the terms of such a protective order, the parties understand, and the Court finds, that the contents of this interim protective order shall not be relevant or determinative as to the form of a later

protective order, because of the exigency that resulted in the entry of this order. Rather, any later proceedings concerning a protective order shall be governed by the standards set forth in Fed. R. Civ. P. 26(c).

16. This interim protective order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

DATED this 20 day of June, 2013.

BY THE COURT:

RICHARD P. MATSCH
Senior United States District Judge