**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01570-RPM

HAROLD CUNNINGHAM,
CARLTON DUNBAR,
JOHN W. NARDUCCI, JR.,
JEREMY PINSON,
JOHN J. POWERS,
ERNEST NORMAN SHAIFER, and
MARCELLUS WASHINGTON,

Each individually and on behalf of all others similarly situated,

     and

CENTER FOR LEGAL ADVOCACY
D.B.A. THE LEGAL CENTER FOR PEOPLE
WITH DISABILITIES AND OLDER PEOPLE,
COLORADO'S PROTECTION AND ADVOCACY SYSTEM,

     Plaintiffs,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant.

---

**ANSWER**

---

     The Federal Bureau of Prisons ("Bureau") hereby answers Plaintiffs' Amended

Complaint as follows:[1]

---

[1] Defendant is contemporaneously moving to strike certain allegations of the Amended Complaint.  This answer responds to allegations that are not the subject of the motion to strike.

# I.  NATURE OF THE ACTION

1.       The Bureau admits that this lawsuit concerns allegations regarding the treatment of inmates at the U.S. Penitentiary – Administrative Maximum ("ADX") in Florence, Colorado, who allegedly suffer from a serious mental illness.  The Bureau further admits that this lawsuit seeks declaratory and injunctive relief requiring compliance with existing policies and the requirements of the Eighth Amendment.  The Bureau has moved to strike the last two sentences in paragraph 1.  The Bureau denies the remaining allegations of paragraph 1.

2.       The Bureau admits the allegations in the first sentence of paragraph 2.  The Bureau admits that the ADX houses approximately 450 inmates currently.  The Bureau admits that the ADX was designed as an administrative maximum prison and houses inmates who require the level of security offered at the ADX and it is, on occasion, referred to as the "Alcatraz of the Rockies."  The Bureau has moved to strike the last two sentences in paragraph 2.  The Bureau denies the remaining allegations of paragraph 2.

3.       The Bureau admits that Program Statement 5100.08 provides that inmates "currently diagnosed as suffering from serious psychiatric illnesses should not be referred for placement at . . . ADX."  The Bureau denies the remaining allegations of paragraph 3.

4.       The Bureau denies the allegations of paragraph 4.

5.       The Bureau has moved to strike paragraph 5.

6.       Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, the Bureau admits that, pursuant to the Eighth Amendment and federal statutes, the Bureau is charged with the management and regulation of all federal penal and correctional institutions and to provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United

States or held as witnesses or otherwise.  The Bureau denies the remaining allegations in paragraph 6.

7. The Bureau denies the allegations contained in the first four sentences.  The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last two sentences of paragraph 7 and therefore denies those allegations.

8. The Bureau denies the allegations contained in paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, the Bureau admits that, pursuant to federal statute, the Bureau is charged with the management and regulation of all federal penal and correctional institutions and to provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States or held as witnesses or otherwise. The Bureau denies the remaining allegations in paragraph 9.

10 The Bureau has moved to strike paragraph 10.

11. The Bureau admits that an inmate is released from custody when his sentence expires.  The Bureau denies the remaining allegations in paragraph 11.

12. The allegations in paragraph 12 are characterizations of Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Bureau denies the allegations contained in paragraph 12.

## II.  OBJECTIVES OF THIS LITIGATION

13-19.  Bureau has moved to strike paragraphs 13-19.

## III.  JURISDICTION

20. Paragraph 20 contains conclusions of law to which no response is required.  To the extent that a response is required, the Bureau admits that Plaintiff asserts jurisdiction

pursuant to 28 U.S.C. §§ 1331 & 2201.

## IV.  VENUE

21.     Paragraph 21 contains conclusions of law to which no response is required.  To the extent that a response is required, the Bureau admits that Plaintiff asserts venue pursuant to 28 U.S.C. § 1391(b).

## V.  PARTIES

22.     The Bureau admits that Plaintiffs Cunningham, Dunbar, Pinson, Shaifer, and Washington are currently housed at the ADX.  The Bureau denies remaining allegations of paragraph 22.

23.     The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 and therefore denies those allegations.

24.     The Bureau admits the allegations of paragraph 24.

## VI.  GENERAL ALLEGATIONS

25.     The Bureau admits that the ADX houses approximately 450 inmates currently. The Bureau further admits that the ADX consists of the following housing units: a Control Unit, four General Population Units (Delta, Echo, Fox, and Golf), a Special Housing Unit, a Step-Down Unit, and the Special Security Unit.  The Bureau denies the remaining allegations of paragraph 25.

26.     The Bureau admits that inmates at the ADX are single-celled, but are provided opportunities for out-of-cell activities for varying lengths of time depending on where the inmate is housed within the institution.  The Bureau admits that ADX cells are approximately 87 square feet and have solid walls which prevent direct physical contact between the inmates.  The Bureau admits that all ADX cells are equipped with a steel door and food slot.  The Bureau admits that

cells in the Control Unit, Special Housing Unit, and General Population Units, in addition to an outer steel door, also are equipped with an inner grilled door; the area between the inner and outer doors is the sallyport area. The Bureau admits that each ADX cell in the above housing units is furnished with a bed, desk, stool, sink, and toilet. The Bureau admits that cells in the Control Unit, Special Housing Unit, and General Population Units also include a shower. The Bureau admits that ADX inmates are provided a mattress and blankets. The Bureau admits that each cell in the above housing units includes a window, measuring approximately 5 by 38 inches, which allows natural light into the cells. The Bureau admits that many cells are equipped with a radio and television that offers internal programming (Education, Religious Services, Psychology Services, and Recreation) and a variety of television and music channels. The Bureau admits that televisions may be withheld from inmates for disciplinary reasons. The Bureau admits that inmates are provided three meals daily. The Bureau admits that ADX inmates are allowed out of their cells for visitation (social and legal), medical care, access to the electronic law library, indoor and outdoor recreation, legal calls, and other activities. The Bureau denies the remaining allegations in paragraph 26.

27. The Bureau admits that the ADX operates a Control Unit which is intended to place into a separate unit those inmates who are unable to function in a less restrictive environment without being a threat to others or to the orderly operation of the institution. The Bureau denies the allegations contained in the second and third sentences of paragraph 27. The Bureau admits that unit staff evaluate informally and daily an inmate's adjustment within the Control Unit and that once every 30 days, the Control Unit Team meets with an inmate in the Control Unit. The inmate is required to attend the team meeting in order to be eligible for the previous month's stay in the Control Unit to be credited towards the projected duration of

confinement in that unit. The Bureau denies the allegations of the fifth, sixth, and seventh

sentences of paragraph 27. The Bureau admits that, in October 2001, Plaintiff Powers was

transferred to the ADX and housed in the Control Unit and that, in March 2011, Plaintiff Powers

was removed from the Control Unit and placed in one of the General Population Units at the

ADX. The Bureau denies the remaining allegations in paragraph 27.

28. The Bureau admits that inmates may be housed in the Special Housing Unit under

administrative detention status, such as upon arrival at the ADX or while awaiting a disciplinary

hearing, or disciplinary segregation status. The Bureau admits that available sanctions, as part of

the disciplinary process, may include disciplinary segregation in the Special Housing Unit. The

Bureau denies the remaining allegations of paragraph 28.

29. The Bureau admits that inmates in the General Population Units are single-celled

and do not have any physical contact with other inmates. The Bureau further admits that inmates

in the General Population Units are afforded at least ten hours of recreation, both outside and

inside, each week. The Bureau denies the remaining allegations of paragraph 29.

30. The Bureau admits that the ADX Step-Down Unit Program is divided into four

phases: (1) General Population Units; (2) Intermediate Unit; (3) Transitional Unit; and (4) Pre-

Transfer Unit. The Bureau admits that the ADX Step-Down Unit Program utilizes a stratified

system of less-restrictive housing to provide inmates with incentives to adhere to the standards of

conduct associated with a maximum security custody program. The Bureau denies the remaining

allegations of paragraph 30.

31. The Bureau admits that the ADX has implemented the Step-Down Unit Program

as identified in its answer to paragraph 30. The Bureau admits that as ADX inmates demonstrate

periods of clear conduct and positive institution adjustment, it is possible for the inmate to

progress through the phases with increasing degrees of personal freedom and privileges at each stage, and be transferred out of the Step-Down Unit Program to an open population institution. The Bureau admits that the minimum time period to complete the Step-Down Unit Program is 36 months.  The Bureau admits that the D/B Unit is physically located at the U.S. Penitentiary in Florence.  The Bureau has moved to strike the last sentence of paragraph 31.  The Bureau denies the remaining allegations of paragraph 31.

32-39.  The Bureau has moved to strike paragraphs 32-39.

40.     The Bureau has moved to strike the first two sentences of paragraph 40.  The Bureau denies the remaining allegations of paragraph 40.

41.     The Bureau admits that it authorizes staff to use force only as a last alternative after all other reasonable efforts to resolve a situation have failed.  The Bureau has moved to strike the second sentence of paragraph 41.  The Bureau denies the allegations of paragraph 41.

42-44.  The Bureau has moved to strike paragraphs 42-44.

45.     The Bureau denies the remaining allegations of paragraph 45.

46.     The Bureau denies the allegations of paragraph 46.

47.     The Bureau admits that Program Statement 5100.08 provides that inmates "currently diagnosed as suffering from serious psychiatric illnesses should not be referred for placement at . . . ADX."  The Bureau denies the remaining allegations of paragraph 47.

48.     The Bureau admits that all inmates, upon arrival at ADX, complete an intake screening, one component of which consists of mental health screening with a mental health provider.  The Bureau states that the policy statements referenced in paragraph 48 speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 48.

7

49.     The Bureau states that the study referenced in paragraph 49 speaks for itself and denies any allegations that are inconsistent with its contents.  The Bureau denies the allegations of paragraph 49.

50.     The Bureau denies the allegations of the first sentence of paragraph 50.  The Bureau admits that the policy statements referenced in paragraph 50 speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations of paragraph 50.

51.     The Bureau states that the federal regulation referenced in paragraph 51 speaks for itself and denies any allegations that are inconsistent with its contents.  The Bureau denies the remaining allegations of paragraph 51.

52.     The Bureau has moved to strike the second to last sentence in paragraph 52. Bureau denies the remaining allegations in paragraph 52.

53.     The Bureau has moved to strike paragraph 53.

54.     The Bureau states that the policy statements referenced in paragraph 54 speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau has moved to strike the last two sentences of paragraph 54.  The Bureau denies the remaining allegations of paragraph 54.

55.     The Bureau denies the allegations of the first sentence of paragraph 55.  The Bureau states that the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, speaks for itself and denies any allegations that are inconsistent with its contents.  The Bureau denies the remaining allegations of paragraph 55.

56.     The Bureau denies the allegations of paragraph 56.

57.     The Bureau has moved to strike all but the first sentence of paragraph 57.  The Bureau denies the allegations of the first sentence of paragraph 57.

58.     The Bureau admits that Plaintiffs Cunningham and Shaifer are currently housed in the Control Unit and that Plaintiffs Washington and Powers were previously housed in the Control Unit.  The Bureau admits that Plaintiff Powers was housed in a General Population Unit in 2011. The Bureau has moved to strike all but the first three sentences of paragraph 58.  The Bureau denies the remaining allegations of paragraph 58.

59.     The Bureau has moved to strike all but the first sentence of paragraph

59.     The Bureau denies the allegations of the first sentence of paragraph 59.

60-64.  The Bureau has moved to strike paragraphs 60-64.

65.     The Bureau admits that it maintains institutions capable of housing inmates who have mental health needs, to include the institutions listed in paragraph 65.  The Bureau admits that each institution provides inmates with the necessary medical and mental health care.  The Bureau denies the remaining allegations of paragraph 65.

66.     The Bureau admits that some inmates currently and previously housed at the ADX have been transferred and housed at the United States Medical Center for Federal Prisoners, Springfield, Missouri, and Federal Medical Center, Butner, North Carolina.  The Bureau denies the remaining allegations of paragraph 66.

67.     The Bureau admits that the ADX has four full-time staff psychologists, a psychiatric nurse, and a psychological technician.  The Bureau also admits that there is a full-time psychiatrist position for the Florence Correctional Complex, although that position is presently vacant.  The Bureau denies the remaining allegations of paragraph 67.

68.      The Bureau admits that the previous full-time staff psychiatrist separated from the Bureau in mid-2012.  The Bureau further admits that psychiatric services are currently completed via video-psychiatry.  The Bureau denies the remaining allegations of paragraph 68.

69.      The Bureau denies the allegations of paragraph 69.

70.      The Bureau admits that psychotropic medications are provided to inmates at the ADX as medically indicated.  The Bureau denies the remaining allegations in paragraph 70.

71.      The Bureau admits that psychotropic medication is ordinarily administered by medical providers during pill line.  The Bureau denies the remaining allegations of paragraph 71.

72.      The Bureau admits the psychological programming at the ADX consists of individual counseling sessions, individual self-study, and other methods.  The Bureau denies the remaining allegations of paragraph 72.

73.      The Bureau admits that psychological programming at the ADX also consists of closed-circuit television programming.  The Bureau denies the remaining allegations of paragraph 73.

74.      The Bureau admits that ADX staff psychologists routinely communicate with inmates.  The Bureau further admits that ADX inmates are afforded the opportunity for individualized counseling in a private setting within the housing units.  The Bureau denies the remaining allegations of paragraph 74.

75.      The Bureau has moved to strike the second, fifth, sixth, and seventh sentences of paragraph 75.  The Bureau denies the remaining allegations of paragraph 75.

76-80.  The Bureau has moved to strike paragraphs 76-80.

81.      The Bureau admits that all employees are trained in various correctional techniques and methods.  The Bureau denies the remaining allegations of paragraph 81.

82.     The Bureau has moved to strike paragraph 82.

83.     The Bureau denies the allegations of paragraph 83.

84.     The Bureau denies the allegations of paragraph 84.

85-92.  The Bureau has moved to strike paragraphs 85-92.

93.     The Bureau admits that inmates have committed suicide at the ADX and that the

six inmates listed killed themselves by acts which were believed to be suicides on or around the

dates listed.  The Bureau denies the remaining allegations in paragraph 93.

94.     The Bureau denies the allegations of paragraph 94.

95-105.  The Bureau has moved to strike paragraphs 95-105.

106.    The Bureau denies the allegations of paragraph 106.

107-130.  The Bureau has moved to strike paragraphs 107-130.

## VII.  ALLEGATIONS RELATING SPECIFICALLY TO PLAINTIFFS

131.    The Bureau admits that Plaintiffs Cunningham, Dunbar, Shaifer, Washington, and

Pinson are currently housed at the ADX.  The Bureau denies the remaining allegations of

paragraph 131.

132.    Paragraph 132 is blank, and thus no response is required.

133.    The Bureau admits that Plaintiff Cunningham is 43 years old and, before his

incarceration, lived in the Washington, D.C. area.  The Bureau admits that, since 2001, Plaintiff

Washington has been housed in the ADX Control Unit and other institutions and is currently

serving a life term of imprisonment.  The Bureau has moved to strike the last sentence of

paragraph 133 and Exhibit 8.  The Bureau denies the remaining allegations of paragraph 133.

134-144.  The Bureau has moved to strike paragraphs 134-144.

145.    The Bureau admits that Plaintiff Cunningham was transferred to the ADX in December 2001.  The Bureau states that the referenced psychological assessments speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations of paragraph 145.

146.    The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 146.  The Bureau states that the referenced incident reports speak for themselves and deny any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations of paragraph 146.

147.    The Bureau denies the allegations of paragraph 147.

148.    The Bureau admits that the referenced Central Office Administrative Remedy Appeals speak for themselves and deny any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations of paragraph 148.

149.    The Bureau admits that the referenced Central Office Administrative Remedy Appeal speaks for itself and deny any allegations that are inconsistent with its contents.  The Bureau denies the remaining allegations of paragraph 149.

150.    The Bureau denies the allegations of paragraph 150.

151.    The Bureau admits that Plaintiff Dunbar is 29 years old and, before his incarceration, lived in Virginia.  The Bureau admits that he is currently housed at the ADX and is serving a 126-month term of incarceration.  The Bureau has moved to strike the last sentence of paragraph 151 and Exhibit 9.  The Bureau denies the remaining allegations of paragraph 151.

152-155.  The Bureau has moved to strike paragraphs 152-155.

156.    The Bureau admits that it is familiar with Plaintiff Dunbar's mental health issues. The Bureau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 156 and therefore denies those allegations.

157.    The Bureau has moved to strike paragraph 157.

158.    The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations of paragraph 158.

159-160.  The Bureau has moved to strike paragraphs 159-160.

161.     The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations of paragraph 161.

162.    The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau admits that Plaintiff Dunbar was transferred to the ADX on February 25, 2009.  The Bureau denies the remaining allegations in paragraph 162.

163.    The Bureau denies the allegations in the first sentence of paragraph 163.  The Bureau admits that the referenced Central Office Administrative Remedies speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau admits that Plaintiff Dunbar is currently housed at the ADX.  The Bureau denies the remaining allegations of paragraph 163.

164.    The Bureau has moved to strike paragraph 164.

165.    The Bureau admits that Plaintiff Powers is 52 years old and, before his incarceration, lived in New York and Florida.  The Bureau admits that he has a projected release

date of May 2030.  The Bureau admits that Plaintiff Powers is currently housed at the United

States Medical Center for Federal Prisoners, Springfield, Missouri.  The Bureau admits that,

prior to his current institution, he was housed at the ADX.  The Bureau has moved to strike the

last sentence of paragraph 165 and Exhibit 10.  The Bureau denies the remaining allegations in

paragraph 165.

166.     The Bureau admits that Plaintiff Powers has been diagnosed with Post-Traumatic

Stress Disorder and personality disorder (NOS) with antisocial and borderline features.  The

Bureau admits that Plaintiff Powers has engaged in self-harm.  The Bureau denies the remaining

allegations of paragraph 166.

167.     The Bureau admits that Plaintiff Powers entered Bureau custody in 1990.  The

Bureau lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 167 and therefore denies those allegations.

168-170.  The Bureau has moved to strike paragraphs 168-170.

171.     The Bureau admits that, in October 2001, Plaintiff Powers was transferred to the

ADX and housed in the Control Unit.  The Bureau lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in paragraph 171 and therefore denies

those allegations.

172.     The Bureau admits that, in July 2002, Plaintiff Powers was transferred to United

States Medical Center for Federal Prisoners, Springfield, Missouri.  The Bureau states that the

referenced Bureau records speak for themselves and denies any allegations that are inconsistent

with their contents.  The Bureau admits that Plaintiff Powers was transferred back to the ADX in

October 2002.  The Bureau denies the remaining allegations of paragraph 172.

173.     The Bureau admits that, in October 2005, Plaintiff Powers was transferred to USMCFP Springfield.  The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau admits that, in December 2005, Plaintiff Powers was transferred to the ADX.  The Bureau denies the remaining allegations of paragraph 173.

174-180.  The Bureau has moved to strike paragraphs 174-180.

181.     The Bureau admits that, on July 6, 2009, Plaintiff Powers was found unconscious in his cell, bleeding from his wrist.  The Bureau admits that, in July 2009, Plaintiff Powers was transferred to USMCFP Springfield.  The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 181.

182.     The Bureau admits that, in September 2009, Plaintiff Powers was transferred to the ADX.  The Bureau denies the remaining allegations in paragraph 182.

183-185.  The Bureau has moved to strike paragraphs 183-185.

186.     The Bureau admits that, in March 2011, Plaintiff Powers was removed from the Control Unit and placed in one of the General Population Units at the ADX.  The Bureau denies the remaining allegations in paragraph 186.

187.     The Bureau denies the allegations in paragraph 187.

188-189.  The Bureau has moved to strike paragraphs 188-189.

190.     The Bureau denies the allegations in paragraph 190.

191.     The Bureau has moved to strike paragraph 191.

192.     The Bureau admits that, in April 2013, Plaintiff Powers was transferred to USMCFP Springfield.  The Bureau denies the remaining allegations in paragraph 192.

193.     The Bureau admits that Plaintiff Shaifer is 50 years old and, before his incarceration, lived in Maryland.  The Bureau admits that he has a projected release date of July 6, 2014.  The Bureau has moved to strike the last sentence of paragraph 193 and Exhibit 11.  The Bureau denies the remaining allegations in paragraph 193.

194-195.  The Bureau has moved to strike paragraphs 194-195.

196.     The Bureau denies the allegations in paragraph 196.

197.     The Bureau admits that Plaintiff Shaifer assaulted a Bureau chaplain.  The Bureau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 197 and therefore denies those allegations.

198-203.  The Bureau has moved to strike paragraphs 198-203.

204.     The Bureau admits that, in January 2004, Plaintiff Shaifer was placed in the Control Unit at the ADX.  The Bureau denies the remaining allegations in paragraph 204.

205.     The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 205.

206.     The Bureau admits that, in January 2012, Plaintiff Shaifer was evaluated by two staff psychologists.  The Bureau denies the remaining allegations in paragraph 206.

207.     The Bureau admits that Plaintiff Pinson is 27 years old and, before his incarceration, lived in Oklahoma.  The Bureau admits that he has a projected release date of November 9, 2025.  The Bureau denies the remaining allegations in paragraph 207.  The Bureau has moved to strike the last sentence of paragraph 207 and Exhibit 12.

208-214.  The Bureau has moved to strike paragraphs 208-214.

215.    The Bureau admits that the referenced Bureau records are the best evidence of their contents.  The Bureau further admits that Plaintiff Pinson has been prescribed psychotropic medications, enumerated in his medical records, while in Bureau custody.  The Bureau denies the remaining allegations in paragraph 215.

216.    The Bureau admits that, in February 2011, Plaintiff Pinson was transferred to the ADX and housed in the Special Housing Unit.  The Bureau admits that the referenced Bureau records are the best evidence of their contents.  The Bureau admits that, in June 2011, Plaintiff Pinson was housed in a General Population Unit.  The Bureau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 216 and therefore denies those allegations.

217.    The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217 and therefore denies those allegations.

218.    The Bureau admits that Plaintiff Narducci is 44 years old and, before his incarceration, lived in Connecticut.  The Bureau admits that he has been in the custody of the Bureau since 1999, has a projected release date of February 26, 2015, and is currently incarcerated at the United States Penitentiary – High Security, Florence, Colorado.  The Bureau has moved to strike the last sentence of paragraph 218 and Exhibit 13. The Bureau denies the remaining allegations in paragraph 218.

219-227.  The Bureau has moved to strike paragraphs 219-227.

228.    The Bureau admits that, in June 2007, Plaintiff Narducci was transferred to the ADX.  The Bureau denies the allegations in the second sentence of paragraph 228.  The Bureau admits the third sentence of paragraph 228.  The Bureau denies the remaining allegations in paragraph 228.

229.    The Bureau admits the allegations of the first sentence of paragraph 229.  The Bureau denies the remaining allegations of paragraph 229.

230.    The Bureau admits that Plaintiff Washington is 41 years old.  The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 230 and therefore denies those allegations.  The Bureau admits that he is serving a life term of imprisonment and is currently incarcerated at the ADX in a General Population Unit. Bureau has moved to strike the last sentence of paragraph 230 and Exhibit 14. The Bureau denies the remaining allegations in paragraph 230.

231-234.  The Bureau has moved to strike paragraphs 231-234.

235.    The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 235 and therefore denies those allegations.

236.    The Bureau states that the referenced Request for an Administrative Remedy speaks for itself and denies any allegations that are inconsistent with its contents.  The Bureau denies the remaining allegations in paragraph 236.

### VII.  ALLEGATIONS RELATING SPECIFICALLY TO THE INTERESTED INDIVIDUALS

237.    The Bureau admits that Mr. Perkins is currently incarcerated at the ADX.  The Bureau denies the remaining allegations in paragraph 237.

238.    The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 238 and therefore denies those allegations.  The last two sentences of paragraph 238 contain legal conclusions to which no

response is required; to the extent a response it required, the Bureau denies the remaining allegations in paragraph 238.

239.    Paragraph 239 contains legal conclusions to which no response is required; to the extent a response it required, the Bureau denies the allegations in paragraph 239.

240.    The Bureau has moved to strike the second sentence of paragraph 240. The Bureau denies the remaining allegations in paragraph 240.

241.    The Bureau denies the allegations in paragraph 241.

242.    The Bureau has moved to strike the last sentence of paragraph 242. The Bureau denies the remaining allegations in paragraph 242.

243-245. The Bureau has moved to strike paragraphs 243-245.

246.    The Bureau denies the allegations in paragraph 246.

247.    The Bureau denies the allegations in paragraph 247.

248.    The Bureau denies the allegations in paragraph 248.

249.    The Paragraph 249 contains legal conclusions to which no response is required; to the extent a response it required, the Bureau denies the allegations in paragraph 249.

250.    The Bureau admits that Mr. Leggett is 43 years old. The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 250 and therefore denies those allegations. The Bureau admits that he is serving a life term of imprisonment. The Bureau has moved to strike the last sentence of paragraph 250 and Exhibit 15. The Bureau denies the remaining allegations in paragraph 250.

251.    The Bureau has moved to strike paragraph 251.

252.     The Bureau admits that, since March 2000, Mr. Leggett has been in the custody of the Bureau.  The Bureau admits that Mr. Leggett is not currently incarcerated at the ADX.  The Bureau denies the remaining allegations in paragraph 252.

253-261.  The Bureau has moved to strike paragraphs 253-261.

262.     The Bureau states that the referenced Bureau medical records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 262.

263.     The Bureau denies the allegations in paragraph 263.

264.     The Bureau admits that the referenced written request speaks for itself and denies any allegations that are inconsistent with its contents.  The Bureau denies the remaining allegations in paragraph 264.

265.     The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 265 and therefore denies those allegations.

266.     The Bureau admits that Mr. Shelby is 48 years old.  The Bureau admits that he was born in Kentucky.  The Bureau admits that, immediately prior to his incarceration, he lived in Utah.  The Bureau admits that Mr. Shelby has been diagnosed with other and unspecified bipolar disorders.  The Bureau has moved to strike the last sentence of paragraph 266 and Exhibit 16.  The Bureau denies the remaining allegations in paragraph 266.

267.     The Bureau admits that Mr. Shelby is currently incarcerated at USMCFP Springfield and was previously incarcerated at the ADX.  The Bureau admits that Mr. Shelby has been convicted of multiple crimes and has a projected release date of January 5, 2022.  The Bureau denies the remaining allegations in paragraph 267.

268-279.  The Bureau has moved to strike paragraphs 268-279.

280.    The Bureau admits that the referenced Bureau and court records are the best evidence of their contents.  The Bureau denies the remaining allegations in paragraph 280.

281.    The Bureau admits that Mr. Shelby was transferred to the ADX in October 2000 and was initially housed in the Special Housing Unit before being housed in a General Population Unit.  The Bureau denies the remaining allegations in paragraph 281.

282.    The Bureau denies the allegations in paragraph 282.

283.    The Bureau admits that Mr. Shelby has been diagnosed with other and unspecified bipolar disorders.  The Bureau admits that Mr. Shelby has been prescribed psychotropic medications.  The Bureau denies the remaining allegations in paragraph 283.

284.    The Bureau has moved to strike paragraph 284.

285.    The Bureau admits that, in January 2010, Mr. Shelby was placed into the Intermediate Unit of the ADX Step-Down Unit Program and, in July 2010, he progressed into the Transitional Unit followed by, in January 2011, his placement into the Pre-Transfer Unit at USP Florence.  The Bureau admits that, in September 2011, Mr. Shelby was placed in the Special Housing Unit on administrative detention and disciplinary segregation statuses; in December 2011, he was housed in a General Population Unit at the ADX.  The Bureau denies the remaining allegations in paragraph 285.

286.    The Bureau admits that Mr. Perkins is 37 years old.  The Bureau admits that he was born in Arizona.  The Bureau admits that, immediately prior to his incarceration, he lived in New Mexico.  The Bureau admits that Mr. Perkins is serving a life term of imprisonment.  The The Bureau admits that Mr. Perkins has been diagnosed with depressive disorder not otherwise specified and antisocial personality disorder.  The Bureau denies the remaining allegations in

paragraph 286.  The Bureau has moved to strike the last sentence of paragraph 286 and Exhibit

17.

287.    The Bureau has moved to strike paragraph 287.

288.    The Bureau admits that Mr. Perkins has been treated with psychotropic

medication.  The Bureau denies the remaining allegations in paragraph 288.

289.    The Bureau denies the allegations in paragraph 289.

290.    The Bureau admits that, in July 2008, Mr. Perkins arrived at the ADX.  The

Bureau admits that, in August 2008, Mr. Perkins was escorted to an outside hospital for medical

care.  The Bureau denies the remaining allegations in paragraph 290.

291.    The Bureau denies the allegations in paragraph 291.

292.    The Bureau admits that Mr. Perkins has been prescribed Sertraline and other

psychotropic medications.  The Bureau denies the remaining allegations in paragraph 292.

293-298.  The Bureau has moved to strike paragraphs 293-298.

## IX.  ALLEGATIONS RELATING TO THE LEGAL CENTER FOR PEOPLE WITH DISABILITIES AND OLDER PEOPLE

299-300.  Paragraphs 299-300 are legal conclusions to which no response is required; to

the extent a response is required, the Bureau lacks knowledge or information sufficient to form a

belief about the truth of the allegations in paragraphs 299-300 and therefore denies those

allegations.

301-309.  The Bureau has moved to strike paragraphs 301-309.

310-315.  The Bureau lacks knowledge or information sufficient to form a belief about

the truth of the allegations in paragraphs 310-315 and therefore denies those allegations.

## X.  ALLEGATIONS RELATING TO SOME OF CLA'S CONSTITUENTS

316.    The Bureau admits that Mr. Cole is 34 years old.  The Bureau admits that he was born in Mississippi.  The Bureau admits that, immediately prior to his incarceration, he lived in Mississippi.  The Bureau admits that Mr. Cole is serving a federal term of imprisonment and has a projected release date of January 11, 2047.  The Bureau admits that, since August 2011, he has been incarcerated at the ADX.  The Bureau admits that Mr. Cole has been diagnosed with schizophrenia.  The Bureau has moved to strike the last sentence of paragraph 316 and Exhibit 18.  The Bureau denies the remaining allegations in paragraph 316.

317-318.  The Bureau has moved to strike paragraphs 317-318.

319.    The Bureau admits that Mr. Cole has been prescribed various psychotropic medications.  The Bureau denies the remaining allegations of paragraph 319.

320.    The Bureau denies the allegations in paragraph 320.

321.    The Bureau admits that Mr. Francisco is 29 years old.  The Bureau admits that, immediately prior to his incarceration, he lived in Tennessee.  The Bureau admits that Mr. Francisco is serving a federal term of imprisonment and has a projected release date of June 8, 2040.  The Bureau has moved to strike the last sentence of paragraph 321 and Exhibit 19.  The Bureau denies the remaining allegations in paragraph 321.

322.    The Bureau admits that, since September 2011, Mr. Francisco has been incarcerated at the ADX.  The Bureau denies the remaining allegations in paragraph 322.

323-324.  The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 323-324 and therefore denies those allegations.

325.    The Bureau denies the allegations in paragraph 325.

326.    The Bureau denies the allegations in paragraph 326.

327.     The Bureau admits that Mr. Harris is 37 years old.  The Bureau admits that, immediately prior to his incarceration, he lived in Arizona.  The Bureau admits that Mr. Harris is a Native American.  The Bureau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the third sentence of paragraph 327 and therefore denies those allegations.  The Bureau admits that Mr. Harris is serving a federal term of imprisonment.  The Bureau admits that, since September 2012, he has been incarcerated at the ADX.  The Bureau admits that Mr. Harris has been diagnosed with schizoaffective disorder.  The Bureau denies the remaining allegations in paragraph 327.

328-329.  The Bureau has moved to strike paragraphs 328-329.

330.     The Bureau states that the referenced court records speak for themselves and denies any allegations inconsistent with their contents.  The Bureau admits that Mr. Harris is prescribed multiple psychotropic medications.  The Bureau denies the remaining allegations in paragraph 330.

331.     The Bureau admits that Mr. Hearne is 34 years old.  The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 331 and therefore denies those allegations.  The Bureau admits that, immediately prior to his incarceration, he lived in Washington, D.C.  The Bureau admits that Mr. Hearne is serving a federal term of imprisonment and has a projected release date of September 18, 2025.  The Bureau denies the remaining allegations in paragraph 331.  The Bureau has moved to strike the last sentence in paragraph 331 and Exhibit 20.

332-344.  The Bureau has moved to strike paragraphs 332-344.

345.     The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 345.

346.     The Bureau states that the referenced court records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 346.

347.     The Bureau admits that, in March 2011, Mr. Hearne was transferred to the ADX. The Bureau states that the referenced court records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 347.

348.     The Bureau denies the allegations in paragraph 348.

349.     The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 349.

350-354.  The Bureau states that the referenced Bureau records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations of paragraphs 350-354.

355.     The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 355 and therefore denies those allegations.  The Bureau denies the remaining allegations in paragraph 355.

356.     The Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 356 and therefore denies those allegations.

357.     The Bureau admits that Mr. Sablan is 48 years old; that Mr. Sablan was born in the Federated States of Micronesia; and that Mr. Sablan is serving a federal term of life imprisonment.  The Bureau has moved to strike the last sentence in paragraph 357 and Exhibit 21.  The Bureau denies the remaining allegations in paragraph 357.

358-375.  The Bureau has moved to strike paragraphs 358-375.

376.     The Bureau states that the referenced court records speak for themselves and denies any allegations that are inconsistent with their contents.  The Bureau denies the remaining allegations in paragraph 376.

377.     The Bureau admits that Mr. Sablan is currently incarcerated at the ADX and is prescribed psychotropic medication.  The Bureau denies the remaining allegations in paragraph 377.

378.     Paragraph 378 contains legal conclusions to which no response is required; to the extent a response is required, the Bureau denies the allegations in paragraph 378.

379.     The Bureau admits that Mr. Van Noy (also known as Vannoy) is 50 years old. The Bureau admits that, prior to his incarceration, he lived in Alabama.  The Bureau admits that Mr. Van Noy is serving a federal term of imprisonment.  The Bureau has moved to strike the last sentence in paragraph 379 and Exhibit 22.  The Bureau denies the remaining allegations in paragraph 379.

380-381.  The Bureau has moved to strike paragraphs 380-381.

382.     The Bureau admits that the referenced court records are the best evidence of their contents.  The Bureau denies the remaining allegations in paragraph 382.

383.    The Bureau admits that Mr. Van Noy is currently incarcerated at the ADX and that he is prescribed various medications.  The Bureau denies the remaining allegations in paragraph 383.

## XI.  CLASS ACTION ALLEGATIONS

384-389.  Paragraphs 384-389 contain legal conclusions to which no response is required; to the extent a response is required, the Bureau denies the allegations in paragraphs 384-389.

## XII.  CLAIMS FOR RELIEF

390-397.  Paragraphs 390-397 contain legal conclusions to which no response is required; to the extent a response is required, the Bureau denies the allegations in paragraphs 390-397.

## XIII.  PRAYER FOR RELIEF

The Bureau denies that Plaintiffs are entitled to any of the relief they seek.

**Any allegation not expressly admitted herein is denied.**

## DEFENSES

1.    The Amended Complaint fails to state a claim upon which relief can be granted.

2.    The Bureau did not violate any of Plaintiffs' rights, privileges, or immunities under the United States Constitution.

3.    Plaintiffs are not entitled to any injunctive relief against Defendant.

4.    Any claims that arose prior to June 18, 2006, are barred by the statute of limitations.

5.    Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to properly exhaust their administrative remedies pursuant to 42 U.S.C. § 1997e(a) before the Amended Complaint was filed.

6.    Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to comply

with all the requirements of the Prisoner Litigation Reform Act.

7.      Plaintiffs may lack standing for some of the relief that they seek.

8.      Defendant may be entitled to sovereign immunity.

9.      The relief that Plaintiffs may seek is limited by the Prisoner Litigation Reform

Act.

10.      The Amended Complaint fails to state claims that are certifiable under Rule 23.

11.      This Answer is being filed based on Defendant's current knowledge of the facts

after reasonable inquiry into Plaintiffs' allegations in the Amended Complaint.  Defendant

reserves the right to amend this Answer to plead any additional defenses or any applicable state

and federal statutes that may be applicable, as they are revealed through discovery.

DATED this 26th day of July, 2013.                Respectfully submitted,

                                                  JOHN F. WALSH
                                                  United States Attorney

                                            By:   s/ Amy L. Padden
                                                  *Amy L. Padden*
                                                  Assistant United States Attorney
                                                  Deputy Chief, Civil Division
                                                  1225 Seventeenth Street, Suite 700
                                                  Denver, Colorado 80202
                                                  Telephone: (303) 454-0100
                                                  Facsimile: (303) 454-0408
                                                  E-mail: amy.padden@usdoj.gov

                                                  Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2013, I electronically filed the foregoing with the Clerk of Court using the ECF system with the Clerk of Court using the ECF system, which will electronically send notice to:

Edwin P. Aro
Ed.aro@aporter.com

Maurice Leiter
Maurice.leiter@aporter.com

Robert Taylor
Robert.taylor@aporter.com

Scott Morrow
Scott.morrow@aporter.com

s/Amy L. Padden
***Amy L. Padden***
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0408