**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01570-RPM

HAROLD CUNNINGHAM,
CARLTON DUNBAR,
JOHN W. NARDUCCI, JR.,
JEREMY PINSON,
JOHN J. POWERS,
ERNEST NORMAN SHAIFER, and
MARCELLUS WASHINGTON,

each individually and on behalf of all others similarly situated,

and

CENTER FOR LEGAL ADVOCACY
D.B.A. THE LEGAL CENTER FOR PEOPLE
WITH DISABILITIES AND OLDER PEOPLE,
COLORADO'S PROTECTION AND ADVOCACY
SYSTEM,

Plaintiffs,

vs.

FEDERAL BUREAU OF PRISONS.

Defendant.

---

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
DISCLOSED IN DISCOVERY**

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information disclosed

pursuant to the disclosure or discovery obligations created by the Federal Rules of Civil

Procedure, including, without limitation, documents produced, including electronic

discovery, video and photographic materials, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information (collectively

"Document(s)").

2.  Defendant will mark Documents that are specific to a particular Plaintiff or a particular

inmate (including medical and psychological records) with a Bates Number that includes

the Plaintiff's or inmate's name, such as BOP_SMITH_000001, etc.

3.  Documents that implicate the personal privacy of Plaintiffs and/or inmates; the personal

privacy of staff and employees of Defendant; prison security and safety; the institutional

adjustment of Plaintiffs or other inmates; and/or law enforcement techniques may be

marked as "CONFIDENTIAL."  CONFIDENTIAL Documents shall not be disclosed or

used for any purpose except the litigation of this case, except as allowed by this Protective

Order or otherwise ordered by the Court.

4.  The subset of CONFIDENTIAL Documents that pertains to the sensitive and/or limited

"official-use only" records of an individual Plaintiff or other inmate shall be designated

by marking it as "CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME]" or

CONFIDENTIAL – [INMATE'S NAME], as appropriate.

5.  A Document that is marked with a Bates Number that includes a Plaintiff's or an

inmate's name (e.g., BOP_INMATE_000001, etc.) but is not marked

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may, for the

purpose of this litigation, be shown to any person or witness for reasons related to the litigation, including Plaintiffs and inmates other than the one whose name appears in the Bates number.  Only the Plaintiff or inmate whose name appears in the Bates Number may be provided with a retention copy or maintain a retention copy of such Document in his cell.  If any party wishes to allow a retention copy of such Document to be provided to another Plaintiff or inmate, counsel for the party shall give written notice to the counsel for the party designating the Document.  The procedures in sentences 2 through 6 of paragraph 16 will then apply.

6.  Except as provided in Paragraph 10 of this Protective Order, a Document that is designated as "CONFIDENTIAL – PLAINTIFF" or "CONFIDENTIAL – INMATE" shall not be disclosed to any Plaintiff or inmate other than the Plaintiff or inmate whose name appears in the confidential legend.  A Plaintiff may review a Document designated as CONFIDENTIAL – PLAINTIFF with his name, but may not retain a copy of such Document in his cell.  Thus, for example, Plaintiff Cunningham may review a Document marked as "CONFIDENTIAL – CUNNINGHAM," but other inmates may not.  A non-Plaintiff inmate may review a Document designated as CONFIDENTIAL – INMATE with his name in the confidential legend, but may not retain such Document in his cell.  The same designations and restrictions apply for each Plaintiff and inmate.

7.  If any party wishes to disclose a Document designated as "CONFIDENTIAL – PLAINTIFF" or "CONFIDENTIAL – INMATE" in a manner not permitted by Paragraph 6, counsel for such party shall give written notice to the counsel for the party designating the disputed Document.  The procedures in sentences 2 through 6 of

3

paragraph 16 will then apply.

8. CONFIDENTIAL Documents pertaining to the law enforcement sensitive and official-use only records of the Bureau of Prisons may be designated by Defendant as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."  Other Documents may be designated by either party as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" for security and safety reasons.  Documents that are designated as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" shall not be disclosed to or discussed with anyone other than as provided in Paragraph 11.

9. Any reproduction of a CONFIDENTIAL Document (including CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME], CONFIDENTIAL – INMATE [INMATE'S NAME] and CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY Documents) must retain the marking on the originally produced copy.

10. Notwithstanding Paragraphs 3 and 6 of this Protective Order, Documents designated "CONFIDENTIAL" (including those designated "CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME]" and "CONFIDENTIAL – INMATE [INMATE'S NAME]") may be disclosed to:

   a. Attorneys actively working on this case (including attorneys at the Center for Legal Advocacy);

   b. Persons regularly employed by or associated with the attorneys actively working on this case, including agency counsel, whose assistance is required by the attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.  Employees of the Department of Justice and the Bureau of Prisons with a need to have access to such Documents in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or Bureau of Prisons employee from having access to Bureau records to which such employee would normally have access in the regular course of his or her employment.

    d.  Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    e.  Witnesses (but only to the extent permitted by Paragraphs 5, 6 and 7), court reporting personnel, and videographers during depositions;

    f.  The Court, and necessary Court staff, pursuant to Paragraphs 13 and 14; and

    g.  Other persons by written agreement of counsel for the parties or further order of the Court.

11. A Document designated "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such Document may be disclosed to:

    a.  Attorneys actively working on this case and who have (i) entered an appearance in this case; (ii) are employed at the law firm of an attorney who has entered an appearance on this case; or (iii) are employed by the Center for Legal Advocacy and working on this litigation;

b. Employees of the Department of Justice and the Bureau of Prisons with a need to have access to such Document in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or Bureau of Prisons employee from having access to Bureau records to which such employee would normally have access in the regular course of his or her employment;

c. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

d. Non-inmate witnesses, court reporting personnel, and videographers during depositions;

e. The Court, and necessary Court staff, pursuant to Paragraphs 13 and 14; and

f. Other persons by written agreement of counsel for the parties or further order of the Court.

12. Prior to disclosing any Document designated "CONFIDENTIAL" (including "CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME]," "CONFIDENTIAL – INMATE [INMATE'S NAME]," and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY") to any person listed in Paragraphs 10(c), 10(d), 10(e), 10(g), 11(b), 11(c), 11(d) or 11(f), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions and subject to this Court's

6

jurisdiction.  All such acknowledgments shall be retained by counsel for each respective party and shall be subject to *in camera* review by the Court if good cause is demonstrated by the opposing party.

13. Whenever a deposition involves the disclosure of a Document designated "CONFIDENTIAL" (including "CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME]," "CONFIDENTIAL – INMATE [INMATE'S NAME]," and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY"), the deposition transcript or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate deposition transcripts, or portions thereof, as CONFIDENTIAL after transcription, provided written notice is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

14. In the event that a party desires to use a CONFIDENTIAL Document (including a Document designated CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME], CONFIDENTIAL – INMATE [INMATE'S NAME], or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY) as an exhibit to a Court document, the CONFIDENTIAL Document shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 and must retain the mark "CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME]," "CONFIDENTIAL – INMATE [INMATE'S NAME]," or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

15. If additional disclosure is needed of a CONFIDENTIAL Document (including

CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME], CONFIDENTIAL –

INMATE [INMATE'S NAME], and CONFIDENTIAL – FOR ATTORNEY'S EYES

ONLY), counsel for the party seeking disclosure will contact counsel for the

producing/designating party to discuss an appropriate procedure for such disclosure.  If

the parties cannot resolve the dispute within ten (10) business days, either party may file

an appropriate motion with the Court.  The motion may attach the disputed

CONFIDENTIAL Document(s) as an exhibit to the motion, consistent with Paragraph 14

of this Protective Order.

16. At any time prior to the final pretrial conference, a party may object to the designation

of a Document as "CONFIDENTIAL" (including "CONFIDENTIAL – PLAINTIFF

[PLAINTIFF'S NAME]," "CONFIDENTIAL – INMATE [INMATE'S NAME]," and

"CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY") by giving written notice to

counsel for the party designating the disputed Document.  The written notice shall

specifically identify the portion of the Document to which the objection is made.  If the

parties cannot resolve the dispute within ten business (10) days after the time the written

notice is received (or within a different time frame if agreed to by the parties), it shall be

the obligation of the party designating the Document as CONFIDENTIAL to file within

ten (10) business days thereafter (or within a different time frame if agreed to by the

parties) an appropriate motion requesting that the Court determine whether good cause

exists for the disputed Document to be treated as CONFIDENTIAL and subject to the

terms of this Protective Order.  The motion may attach the disputed Document as an

exhibit to the motion, consistent with Paragraph 14 of this Protective Order.  If such a

motion is timely filed, the disputed Document shall be treated as CONFIDENTIAL

under the terms of this Protective Order until the Court rules on the motion.  If the

designating party fails to file such a motion within the prescribed time, the disputed

Document shall lose its designation as CONFIDENTIAL.

17. Claw Back Rights.

    a.  The inadvertent production of privileged information or material subject to the

        attorney work product doctrine shall not be treated as a waiver of such privilege

        or doctrine, provided the inadvertent production is promptly called to the attention

        of counsel for the opposing party and there would be no prejudice in returning or

        destroying the protected material.

    b.  The inadvertent production without a proper designation of Documents that

        should have designated as "CONFIDENTIAL" shall not be deemed a waiver of

        such status.

    c.  If any party inadvertently produces a Document that has not been designated

        properly in accordance with this Protective Order, or information subject to the

        attorney client privilege or the attorney work product doctrine, the producing

        party shall inform the receiving party within five (5) business days of the

        discovery.  With respect to any privileged or restricted information and/or work

        product materials, the procedures in Fed. R. Civ. P. 26(b)(5)(B) shall thereafter

        apply.  With respect to CONFIDENTIAL Documents that were inadvertently not

        designated as such, the receiving party shall treat the Document as

CONFIDENTIAL. If there is any dispute as to the CONFIDENTIAL designation, the procedures in paragraph 16 shall apply.

18. At the conclusion of this litigation, unless other arrangements are agreed upon, all Documents designated as "CONFIDENTIAL" (including CONFIDENTIAL – PLAINTIFF [PLAINTIFF'S NAME], CONFIDENTIAL – INMATE [INMATE'S NAME], and CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY), whether electronic or physical, shall be immediately returned to the producing party or shall be destroyed or deleted by the receiving party. Where CONFIDENTIAL Documents are destroyed or deleted, counsel for the receiving party shall promptly provide an affidavit or sworn declaration confirming such destruction or deletion. If any counsel for one or more Plaintiffs wishes to retain an archive copy of any Document that has been designated as "CONFIDENTIAL" (including "CONFIDENTIAL ATTORNEY'S EYES ONLY") after the litigation concludes, such counsel shall notify Defendant's counsel as to the specific Documents or categories of Documents that it wishes to retain and the period of time for which it wants to do so. The parties will confer with one another in an effort to reach a mutual understanding as to the terms and duration of this retention. If the parties cannot resolve the matter, counsel for Defendant may file an appropriate motion with the Court to enforce this provision of the Protective Order.

19. The termination of this litigation shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Documents pursuant to this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order after the case has concluded.

20. This Protective Order may be modified by the Court at any time for good cause shown

following notice to all parties and an opportunity to be heard.


Dated: August **6**, 2013


Richard P. Matsch
United States District Judge



Approved as to Form and Content:


By: s/ Robert P. Taylor
    ARNOLD & PORTER LLP
    Three Embarcadero Center
    10th Floor
    San Francisco, CA  94111
    Telephone: 415-471-3100
    robert.taylor@aporter.com

    *Attorneys for Plaintiffs*

By: s/ Amy L. Padden
    Assistant United States Attorney
    Deputy Chief, Civil Division
    1225 Seventeenth Street, Suite 700
    Denver, CO  80202
    Telephone:  303-454-0100
    amy.padden@usdoj.gov

    *Attorneys for Defendant*