**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 12-cv-01570-RPM**

HAROLD CUNNINGHAM,
CARLTON DUNBAR,
JOHN W. NARDUCCI, JR.,
JEREMY PINSON,
JOHN J. POWERS,
ERNEST NORMAL SHAIFER,
and MARCELLUS WASHINGTON,

Each individually and on behalf of all others similarly situated,

and

CENTER FOR LEGAL ADVOCACY D.B.A. THE LEGAL
CENTER FOR PEOPLE WITH DISABILITIES AND OLDER
PEOPLE, COLORADO'S PROTECTION AND ADVOCACY SYSTEM,

Plaintiffs,

vs.

FEDERAL BUREAU OF PRISONS,

Defendant.

---

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO STRIKE**

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

LEGAL STANDARD .......................................................................................... 3

ARGUMENT ........................................................................................................ 5

      A.     The Allegations Defendant Argues are "Immaterial" are Relevant ....................... 5

          1.     "Unnecessary Particulars" ........................................................... 5

          2.     "Allegations About Other Litigation" ........................................... 7

          3.     Allegations "Not Directed to Pleaded Claims" ............................. 8

               a.     Risks to Staff ................................................................ 8

               b.     "Objectives of the Litigation" ...................................... 8

               c.     Allegations Relating to Prisoners Not Identified as Named Plaintiffs .............................................................. 9

               d.     Effects of Solitary Confinement on Mental Health ....................... 9

               e.     Retaliation Against Plaintiffs and Other Prisoners ....................... 10

          4.     Allegations Regarding Plaintiff CLA ........................................ 10

          5.     The Exhibits ............................................................................. 10

      B.     BOP Cannot Show that the Material It Wants Stricken Is "Scandalous" ............. 11

CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Archuleta v. City of Roswell,*
    No. CIV 10-1224 JB/RHS, 2013 WL 1655978 (D.N.M. Mar. 29, 2013) ..........................3, 11

*Burrell v. Armijo,*
    603 F.3d 825 (10th Cir. 2010) ................................................................................4

*Foster v. Pfizer Inc.,*
    No. 00-1287-JTM, 2000 WL 33170897 (D. Kan. Dec. 12, 2000)..........................................11

*Gateway Bottling, Inc. v. Dad's Rootbeer Co.,*
    53 F.R.D. 585 (W.D. Pa. 1971) ................................................................................11

*Holderness v. Birner Dental Mgmt. Servs. Inc.,*
    No. 12-cv-1391-WJM-MJW, 2013 WL 618162 (D. Colo. Feb. 19, 2013) ..........................11

*Home Quest Mortgage, LLC v. Am. Family Mut. Ins. Co.,*
    393 F. Supp. 2d 1096 (D. Kan. 2005)................................................................4, 8, 9

*Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.,*
    No. 07-cv-01514-WDM-BNB, 2008 WL 140488 (D. Colo. Jan. 11, 2008) ........................3, 4

*Rawson v. Sears Roebuck & Co.,*
    585 F. Supp. 1393 (D. Colo. 1984).............................................................................4

*Sawo v. Drury Hotels Co.,*
    No. 11-cv-2232-JTM-GLR, 2011 WL 3611400 (D. Kan. Aug. 15, 2011).................3, 4, 5, 11

*Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.,*
    173 F.R.D. 275 (D. Colo. 1997) ......................................................................3, 4, 7

*Sierra Club v. Young Life Campaign, Inc.,*
    176 F. Supp. 2d 1070 (D. Colo. 2001)........................................................................3

*Stanbury Law Firm v. IRS,*
    221 F.3d 1059 (8th Cir. 2000) ...................................................................................3

*Stanton v. Encompass Indem. Co.,*
    No. 12-cv-00801-PAB-KLM, 2012 WL 4466555 (D. Colo. Sept. 27, 2012) ......................3, 4

*United States v. Shell Oil Co.,*
    605 F. Supp. 1064 (D. Colo. 1985)...........................................................................3, 4, 7, 8

*United States v. Smuggler-Durant Mining Corp.*,
    823 F. Supp. 873 (D. Colo. 1993)..............................................................................................3

**RULES**

Fed. R. Civ. P.
    Rule 8(b)(5)......................................................................................................................1, 2
    Rule 12(f)......................................................................................................................2, 3, 4, 9
    Rule 12(g)(2).................................................................................................................2, 10
    Rule 12(h)(2)...................................................................................................................2

**OTHER AUTHORITIES**

5 C.A. Wright & Miller, *Federal Practice and Procedure* § 1382 (1969)..................................4, 8

**INTRODUCTION**

Plaintiffs' Amended Complaint details the years-long, system-wide failure of defendant Bureau of Prisons ("BOP") to provide adequate mental health screening, diagnosis and treatment at the U.S. Penitentiary Administrative Maximum Facility ("ADX") in Florence, Colorado. It shows that dozens of prisoners with serious mental illnesses are housed there in almost total solitary confinement, despite BOP's regulations prohibiting transferring mentally ill prisoners to the harsh conditions at ADX. It describes how these prisoners are deprived of constitutionally adequate mental health care, and how their mental illnesses are routinely treated with only disciplinary punishment, creating a vicious cycle of misbehavior, punishment and misbehavior that these prisoners cannot control, or stop. And by telling the stories of just some of these prisoners, the Amended Complaint demonstrates the all-too-predictable results of suicides, mutilations and other destructive and delusional behavior that takes place under the vigilant watch of the staff at ADX.

Last fall, BOP moved to dismiss our original, similarly detailed complaint, arguing that Plaintiffs "have alleged *no facts* showing deliberate indifference," and that the complaint did not allege sufficient facts to show that Plaintiffs "have suffered a serious harm as a result of their serious mental health needs." Mot. to Dismiss at 14 (emphasis added). The Court properly denied that motion.

Now, BOP is faced with having to answer the allegations of the Amended Complaint. It must, for example, either admit that plaintiff Jack Powers amputated parts of his body on several occasions while at ADX (Am. Cmplt. ¶¶ 175-80, 183-85), or deny that this happened (which BOP cannot in good faith do), or somehow say that BOP "lack[s] knowledge or information sufficient to form a belief" as to whether this happened to an prisoner under its control. Fed. R.

Civ. P. 8(b)(5). Faced with these unpalatable choices, BOP asks the Court to edit the Amended Complaint. It now argues that instead of alleging too few facts, Plaintiffs have alleged too many.

BOP's Goldilocks-like quest for a complaint that alleges just the right number of facts is a waste of the Court's and the parties' time. As we show below, this motion to strike is legally inadequate; BOP cannot sustain its burden under Rule 12(f) of showing that these allegations are irrelevant, or that BOP is prejudiced by their inclusion. Since these allegations are indeed relevant to our case, striking them will not narrow the scope of discovery, or the facts to be presented at trial. And BOP cannot sanitize the facts that the Court and the public will learn about BOP's deliberate indifference to the mental health needs of ADX prisoners and the horrific consequences of that indifference.

BOP, like any other litigant, must answer the allegations of the complaint, even where it would prefer not to. The options available to it under Rule 8(b) -- admit, deny, state that it lacks knowledge, state an allegation concerns legal, not factual issues -- address most of what BOP raises in the Motion, and following the rule is far less drastic than striking allegations from the complaint. As discussed below, in a few instances -- where BOP points to adjectives and analogies, or to the section outlining what constitutes a constitutionally adequate mental health program, or to the exhibits attached to the Amended Complaint -- we do not oppose BOP's request that it need not answer. But BOP has no legal basis to avoid answering factual allegations. This motion should be denied.[1]

---

[1] The vast majority of material that BOP now seeks to strike was present in the original Complaint that BOP claimed did not contain sufficient factual material to support Plaintiffs' claims for relief. To the extent BOP seeks to strike allegations or facts that were also present in the original Complaint the Court should not reward BOP's delay tactic and failure to adhere to the Federal Rules and should, accordingly, deny the Motion. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must

Footnote continued on next page

## LEGAL STANDARD

Motions to strike seek a "drastic remedy;" they are often made "as a dilatory tactic."  *See Sawo v. Drury Hotels Co.*, No. 11-cv-2232-JTM-GLR, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011); *see also Archuleta v. City of Roswell,* No. CIV 10-1224 JB/RHS, 2013 WL 1655978, at *2 (D.N.M. Mar. 29, 2013).  Rule 12(f) is intended to narrow the issues for trial, and to prevent the parties and the Court from litigating issues that will not affect the outcome of the case.  *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993); *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (purpose of Rule 12(f) is to "conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case.").  When a motion to strike does not narrow the issues of the case for trial or minimize delay, it does not serve the purpose of Rule 12(f) and should be denied.

As a result, motions to strike are disfavored.  *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Stanton v. Encompass Indem. Co.*, No. 12-cv-00801-PAB-KLM, 2012 WL 4466555, at *2 (D. Colo. Sept. 27, 2012); *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc*., No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008).  Courts deny them unless the allegations in question are "*so unrelated* to the plaintiff's claims as to be unworthy of any consideration" (*United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985) (emphasis added)), and "have *no bearing on the controversy* and the movant can show that he has been prejudiced." *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001) (emphasis added); *see also Tri-State*, 173 F.R.D. at 285 (allegations

Footnote continued from previous page
not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

will not be stricken under Rule 12(f) unless they "have no possible bearing on the controversy"); *Stanton*, 2012 WL 4466555, at \*2 (immaterial matter is that which "has no essential or important relationship to the claim for relief pleaded").

Each and every allegation need not fit neatly into one or more elements of a party's claim, so long as the allegations have a relationship to the party's claims. *See Tri-State*, 173 F.R.D. at 285-86. For example, pleaded facts that assist the court in evaluating a difficult legal issue or provide context, including historical background, to a party's claims have withstood motions to strike. *See Home Quest Mortgage, LLC v. Am. Family Mut. Ins. Co.*, 393 F. Supp. 2d 1096, 1099-1100 (D. Kan. 2005); *Tri-State*, 173 F.R.D. at 285-86. Any question as to whether the challenged allegations meet the requirements of Rule 12(f) is to be resolved against the moving party. *Sawo*, 2011 WL 3611400, at \*2.

Courts in the Tenth Circuit, like other courts, generally require a showing of prejudice before granting a motion to strike. *See Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984) ("It is fundamental that a motion to strike will be denied if no prejudice can result from the challenged allegations, 'even though the matter literally is within the categories set forth in [R]ule 12(f).'") (quoting 5 C.A. Wright & Miller, *Federal Practice and Procedure* § 1382, at 810-11 (1969)); *see also Tri-State*, 173 F.R.D. at 285 ("a party must usually make a showing of prejudice before the court will grant a motion to strike") (citing Wright & Miller, § 1382); *Kimpton Hotels*, 2008 WL 140488, at \*1 (same).[2]

---

[2] While the Tenth Circuit in *Burrell v. Armijo*, 603 F.3d 825, 836 (10th Cir. 2010), did not explicitly state that a showing of prejudice was required to support a motion to strike in its brief review of the district court's decision to strike allegations from the plaintiff's complaint, nowhere did it indicate that a showing of prejudice was not required. Because the district court has significant discretion in determining whether to grant a motion to strike (*see, e.g.*, *Shell Oil*, 605 F. Supp. at 1085), the *Burrell* court was not required to address all of the elements of a Rule 12(f) motion in its review of the district court's actions. *Burrell*, 603 F.3d at 836.

BOP must meet a high burden to establish that the allegations it seeks to strike with its Motion have *no* bearing on Plaintiffs' claims and cause BOP significant prejudice. *See, e.g.*, *Sawo*, 2011 WL 3611400, at *2. It cannot do so. The allegations it seeks to strike are intertwined with Plaintiffs' claims and go to the heart of the issues to be decided before this Court.

**ARGUMENT**

**A.    The Allegations Defendant Argues are "Immaterial" are Relevant**

BOP contends that five general categories of allegations are "immaterial" and should be stricken from the Amended Complaint. We turn to each below. For *none* of them has BOP made any showing of prejudice. That alone is sufficient grounds to deny this motion. Nor can BOP show that these allegations have "no bearing" on this case.

1.    "Unnecessary Particulars"

BOP argues (Def.'s Mot. to Strike ("Mot.") filed July 26, 2013 at 12-13) that the Amended Complaint contains "unnecessary particulars" that would be unduly burdensome to answer. Among the paragraphs BOP would like to edit out are key components of the mental health histories of the Plaintiffs, many of the details of which come from records contained in BOP's own files. BOP also seeks to avoid answering descriptions of the behaviors of prisoners that are obvious manifestations of mental illness, but were ignored by BOP.

For example, BOP asserts that it has no bearing on this case to allege that Plaintiff Ernest Shaifer has a family history of mental illness -- a key factor in confirming his diagnosis of bipolar disorder -- has been in and out of prison custody since the early 1980s, and that for years BOP ignored his requests for mental health treatment. Am. Cmplt. ¶¶ 194-95. BOP argues it is "immaterial" that, after being sent to ADX, Mr. Shaifer filed a lawsuit against BOP for failure to

- 5 -

provide him with adequate mental health treatment, and that, rather than responding to his lawsuit on the merits, BOP found procedural devices to dismiss it.  Am. Cmplt. ¶ 203.[3]

Similarly, BOP -- which in its motion to dismiss claimed we alleged insufficient facts of its deliberate indifference to the mental health needs of its prisoners -- now believes it has no relationship to this lawsuit that some prisoners at ADX howl or shriek continuously, speak to themselves continuously, smear feces on themselves or their cells, are denied psychotropic medication even with obvious serious mental illness, and dismember themselves.  Am. Cmplt. ¶¶ 57-59.

BOP also considers "irrelevant" (Mot. at 12) allegations about the Joker Unit.  Am. Cmplt. ¶¶ 33-38.  This unit should permit prisoners to "step down" from the isolation of ADX's other units, eventually to return to another institution or, if their sentences expire, to the community.  But for prisoners with inadequately-treated mental illness this becomes an insurmountable obstacle.  They cannot cope in this unit, and they cannot hold themselves together long enough to complete its program.  Indeed, obviously and undisputedly mentally ill prisoners have repeatedly been attacked and seriously injured by other prisoners while in the ADX step down program.  Unless the mental health treatment program at ADX and the method to step down from its harsh treatment are repaired, ADX for them becomes a dead end.

At trial, Plaintiffs will prove the systematic failure of BOP to diagnose and treat mental illness in part through testimony and evidence chronicling what has happened to Plaintiffs and others represented by CLA.  We will also show the horrendous consequences of that failure,

---

[3] BOP similarly hopes to surgically remove portions of the stories of each named plaintiff and interested individual.  Am. Cmplt. ¶¶ 134-44 (Cunningham); ¶¶ 152-55, 175, 159-60, 164 (Dunbar); ¶¶ 168-70, 174-80, 183-85, 188-89, 191 (Powers); ¶¶ 194-95, 198-203 (Shaifer); ¶¶ 208-14 (Pinson); ¶¶ 219-27 (Narducci); ¶¶ 231-34 (Washington); ¶¶ 251, 253-61 (Leggett); ¶¶ 268-79, 284 (Shelby); ¶ 287 (Perkins); ¶¶ 317-18 (Cole); ¶¶ 328-29 (Harris); ¶¶ 332-44 (Hearne); ¶¶ 358-75 (Sablan); ¶¶ 380-81 (Van Noy).

many of which were obvious to anyone who could see and hear these prisoners.  Carving up the
complaint to eliminate these facts will not make them irrelevant at trial.  BOP's effort to have the
Court declare these allegations to be "so unrelated to the plaintiff's claims as to be unworthy of
any consideration" (*Shell Oil*, 605 F. Supp. at 1085), must fail.

2.      <u>"Allegations About Other Litigation"</u>

BOP asks the Court to strike allegations in paragraphs 85-92 and 95-105 that relate to
other litigation filed by prisoners at ADX raising the issue of inadequate treatment of mental
illness.  But these lawsuits -- which individually and collectively gave notice to BOP that its
mental health treatment at ADX was seriously deficient -- are directly relevant to show BOP's
deliberate indifference.  *See Tri-State*, 173 F.R.D. at 285-86 (allegations regarding prior
litigation deemed relevant and not stricken).  BOP argued in its Motion to Dismiss that Plaintiffs
must show that a prison official knew facts showing that denial of treatment would result in a
serious danger to the prisoner.  *See* Def.'s Mot. to Dismiss (Mot. to Dismiss) filed October 9,
2012 at 24-25.  These lawsuits are poignant examples of prisoners telling BOP directly that they
are not receiving adequate mental health treatment.  Many of the complaints describe these
problems in excruciating detail.  Rather than investigate the complaints to determine the
accuracy of the allegations or the existence or severity of the problems identified, BOP deployed
procedural mechanisms to dismiss these cases and shut them down, while taking no action to
remedy the circumstances underlying the lawsuits.

Had Defendant even scratched the surface of some of those complaints, it would have
gathered critical information about the failure of the mental health care system at ADX.  Indeed,
with respect to many of the prisoners filing complaints, simply looking into their cells would
have been sufficient for BOP or its agents to determine that a serious problem required their
attention.  These are relevant factual allegations.

- 7 -

3.      Allegations "Not Directed to Pleaded Claims"

BOP argues that five groups of allegations are not "directed" at Plaintiffs' pleaded claims

for relief.  Mot. at 8-10.  BOP cannot show, however, that these allegations are immaterial.

Indeed, even if these allegations do not fit precisely with a claim for relief, a motion to strike

cannot be granted if they have an important relationship to the claims for relief.  *See Shell Oil*,

605 F. Supp at 1085.  All of the allegations identified by Defendant are directly related to

Plaintiffs' claims for relief.

*a.      Risks to Staff*

Paragraph 10 describes the risks to staff that can arise from untreated mental illness of

ADX prisoners.  The failure to treat mental illness in a constitutionally-adequate manner leads to

more disciplinary issues, and more risk to staff, who then respond to the risks with more

punishment.  How the corrections staff deals with prisoners suffering from a serious mental

illness needs to be part of the remedy here, which will have as an effect reducing the risk to staff,

and reducing the need for a disciplinary response.

*b.      "Objectives of the Litigation"*

The section of the Amended Complaint subtitled "Objectives of the Litigation"

(paragraphs 13-19) is one of the few new additions to the Amended Complaint that BOP

challenges, and it does so claiming that these paragraphs "do[] not focus the claims."  Mot. at

8-9.  This is absurd.  We included this section in an effort to advise BOP and the Court with

some particularity about what relief Plaintiffs seek, and what are the elements of a

constitutionally adequate mental health treatment program.  This is precisely the type of

allegation that provides a better understanding of the litigation.  *See* Wright & Miller, § 1382; *see*

*also Home Quest Mortgage*, 393 F. Supp. 2d at 1100 (allegations that "aid in giving a full

understanding of the complaint as a whole . . . need not be stricken").

The frivolous nature of BOP's objection to this section is perhaps best illustrated by BOP's request that, if not stricken, this section be "moved to the 'Prayer for Relief' section of the complaint." Mot. at 9.  As noted above, Rule 12(f) is not a vehicle for cosmetic editing of a complaint.  If BOP prefers to avoid answering these paragraphs by stating that they address legal rather than factual matters, Plaintiffs will not object, but there is no basis for striking the sections of the complaint -- wherever located -- that inform BOP and the Court what this lawsuit aims to accomplish.

                c.       *Allegations Relating to Prisoners Not Identified as Named Plaintiffs*

BOP claims that a series of paragraphs (Am. Cmplt. ¶¶ 32, 53, 60-62) that discuss mentally ill prisoners not specifically identified as named Plaintiffs or constituents of The Center for Legal Advocacy, d.b.a. The Legal Center For People With Disabilities And Older People ("CLA") should be stricken as "not material" to Plaintiffs' claims.  Mot. at 9.  However, as BOP is well aware, CLA represents all prisoners ADX with mental illness; moreover, this case includes a subclass of all prisoners with serious mental illnesses.  Their experiences will be part of the evidence at trial.  These are relevant, factual allegations, and BOP can answer them in the traditional manner.

                d.       *Effects of Solitary Confinement on Mental Health*

Solitary confinement exacerbates mental illness and can accelerate the decline of formerly healthy prisoners into mental illness.  The facts alleged in paragraphs 42-44 are the results of scientific studies, and provide a context and better understanding of Plaintiffs' condition.  *See Home Quest Mortgage*, 393 F. Supp. 2d at 1100 (allegations that "aid in giving a full understanding of the complaint as a whole . . . need not be stricken").  BOP can admit, deny or claim lack of knowledge of those studies.

- 9 -

*e.      Retaliation Against Plaintiffs and Other Prisoners*

Paragraphs 107-130 and 293-298 discuss retaliation by the ADX staff against prisoners for their participation in this litigation.  BOP complains that Plaintiffs do not plead a separate claim for relief based on retaliation.  But these allegations illustrate the culture of ADX and the staff's willingness to punish mentally ill individuals simply for being mentally ill or for attempting to seek help in getting adequate treatment for their mental illness.  Retaliation by corrections officers against prisoners seeking adequate mental health treatment in this lawsuit is powerful evidence of deliberate indifference to those mental health needs.  This will be relevant evidence at trial.

4.      Allegations Regarding Plaintiff CLA

BOP next asks the Court to strike paragraphs 301-309 relating to the CLA because, according to BOP, these allegations are "not relevant" to Plaintiffs' claims in the Amended Complaint, and responding to them would be "an undue burden," "a waste of resources," and would "cause delay in the litigation."  Mot. at 11-12.  These allegations, however, plead CLA's constitutional Article III and prudential standing criteria to intervene and proceed as an associational plaintiff.   BOP has wisely chosen not to challenge CLA's standing; however, Article III standing goes to the court's power under the Constitution to hear CLA's complaint, making these allegations relevant to CLA's cause of action.

5.      The Exhibits

BOP seeks to strike Exhibits 1-22 of the Amended Complaint, although it failed to ask the Court to strike them at the time they filed their motion to dismiss.  (Nearly all of the Exhibits Defendant now seeks to strike were Exhibits to the original Complaint.)  Defendant's late effort to strike these exhibits these Exhibits flies in the face of the Federal Rules.  *See* Fed. R. Civ. P. 12(g)(2).  It also smacks of tactical delay, which is one of the reasons courts generally do not

favor motions to strike.  *See Archuleta*, 2013 WL 1655978, at *2; *Sawo*, 2011 WL 3611400, at *2.

In addition, every photograph attached to the Amended Complaint depicts either a physical feature of ADX (all of which presumably are readily known to BOP), or a prisoner currently in the custody of BOP (whom BOP undoubtedly has photographed innumerable times and whose physical appearance is therefore reasonably well known to BOP).  Thus, BOP likely can confirm fairly easily whether the photos are or are not accurate.  That said, we do not object to BOP not "answering" the exhibits.  In any case, there is no justification for expunging them from the Amended Complaint.

**B.**      **BOP Cannot Show that the Material It Wants Stricken Is "Scandalous"**

Allegations in a complaint are not scandalous simply because they may offend the moving party, so long as the allegations actually describe facts or events that are relevant to the action.  *See Gateway Bottling, Inc. v. Dad's Rootbeer Co.*, 53 F.R.D. 585, 588 (W.D. Pa. 1971) ("To strike material as scandalous it must be obviously false and unrelated to the subject matter of the action.").  The cases cited by BOP are not apt here.  In *Holderness*, for example, the court found that challenged allegations had no link whatsoever to the plaintiff's claims.  *Holderness v. Birner Dental Mgmt. Servs. Inc.*, No. 12-cv-1391-WJM-MJW, 2013 WL 618162, at *2 (D. Colo. Feb. 19, 2013).  Similarly, in *Foster*, the court examined the claims of the plaintiff and found that the allegations in question did not relate to the plaintiffs' theories of the case or claims for relief against Pfizer.  *Foster v. Pfizer Inc.*, No. 00-1287-JTM, 2000 WL 33170897, at *3-4 (D. Kan. Dec. 12, 2000).  Prior to striking the allegations, both courts first determined that the offensive material was not related to the plaintiffs' claims.

The allegations in the Amended Complaint about which BOP complains are, we believe, fair and accurate descriptions of what BOP has permitted to happen at ADX.   BOP has, we

- 11 -

allege, been deliberately indifferent to the mental health needs of its prisoners at ADX; it has indeed "turned a blind eye to the needs of the mentally ill at ADX and to deplorable conditions of confinement." Am. Cmplt. ¶ 1. It has subjected prisoners under its control to "harsh and unforgiving disciplinary regimen[s]." *Id.* ¶ 2. BOP's failure has led to "horrible consequences," as described in paragraph 5.

Staff at ADX has used harsh discipline rather than, where appropriate, mental health treatment, in a "determined and calculated effort to dominate [and control] prisoners." *Id.* ¶ 39. For example, cell rotation has been used as a method of discipline by sending prisoners to a cell just vacated by an prisoner with mental illness, who has spread feces on the wall (*id.* ¶ 63) -- showing not only awareness of the obvious distress of the prisoner who spread the feces, but also a motivation among ADX corrections officers to use that mental distress as a disciplinary tool. What has happened there is, indeed, "barbaric." *Id.* ¶ 77.

We do not object to BOP not having to admit or deny an adjective or an analogy, and we are more interested in getting to the merits of this case than in bickering over the language of the Amended Complaint. However, BOP's motion sweeps too broadly. For example, it seeks to strike complete paragraphs, containing factual allegations, that also may include an adjective to which BOP objects. BOP has no justification for declining to answer factual allegations, or for moving to strike relevant factual allegations from the Amended Complaint. If the Court wishes, we will remove the adjectives and the analogies, if BOP is ordered to answer the remainder of those paragraphs.

**CONCLUSION**

BOP's Motion is unsupported by the law, and should be denied.  BOP should be ordered to respond to the portions of the Amended Complaint to which it failed to respond in its July 26, 2013 Answer.

Dated:    September 9, 2013                    Respectfully submitted,

                                                      **ARNOLD & PORTER LLP**

                                          By    /s/ Ed Aro
                                                Edwin P. Aro
                                                370 Seventeenth Street, Suite 4400
                                                  Denver, CO 80202
                                                  Telephone: +1 303.863.1000
                                                  ed.aro@aporter.com

                                                  Maurice A. Leiter
                                                  777 S. Figueroa Street
                                                  44th Floor
                                                  Los Angeles, CA 90017
                                                  Telephone: +1 213.243.4000
                                                  maury.leiter@aporter.com

                                                  Robert P. Taylor
                                                  Three Embarcadero Center
                                                  7th Floor
                                                  San Francisco, CA 94111
                                                  Telephone: +1 415.471.3100
                                                  robert.taylor@aporter.com

                                                  C. Scott Morrow
                                                  555 Twelfth Street, NW
                                                  Washington, D.C. 20004
                                                  Telephone: +1 202.942.5000
                                                  scott.morrow@aporter.com

                                                  Veronica E. Rendon
                                                  Keri L. Arnold
                                                  399 Park Avenue
                                                  New York, NY 10022
                                                  Telephone: +1 212.715.1000
                                                  veronica.rendon@aporter.com
                                                  keri.arnold@aporter.com

Nancy L. Perkins
555 Twelfth Street, NW
Washington, D.C. 20004
Telephone: +1 202.942.5000
nancy.perkins@aporter.com

**WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS**

By      /s/ Deborah Golden
Deborah Golden
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Telephone: +1 202.319.1000
deborah_golden@washlaw.org

*Attorneys for Plaintiffs*

- 14 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of September, 2013, the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO STRIKE** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record as follows:

>Amy L. Padden
>U.S. Attorney's Office - Denver
>1225 Seventeenth Street, Suite 700
>Denver, CO  80202
>amy.padden@usdoj.gov
>
>Marcy E. Cook
>U.S. Attorney's Office - Denver
>1225 Seventeenth Street, Suite 700
>Denver, CO  80202
>Marcy.cook@usdoj.gov

>/s/ Linda J. Teater

- 15 -