*Cunningham, et al. v. Federal Bureau of Prisons*
Civil Action No. 1:12-cv-01570

Declaration of Deborah Golden in Support
of Plaintiff's Motion for Class Certification

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01570

HAROLD CUNNINGHAM,
CARLTON DUNBAR,
JOHN W. NARDUCCI, JR.,
JEREMY PINSON,
JOHN J. POWERS,
ERNEST NORMAN SHAIFER,
and MARCELLUS WASHINGTON,

each individually and on behalf of all others similarly situated,

and

CENTER FOR LEGAL ADVOCACY
D.B.A. THE LEGAL CENTER FOR PEOPLE
WITH DISABILITIES AND OLDER PEOPLE,
COLORADO'S PROTECTION AND ADVOCACY
SYSTEM,

   Plaintiffs,

vs.

FEDERAL BUREAU OF PRISONS,

   Defendant.

**DECLARATION OF DEBORAH GOLDEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Deborah Golden declare, under penalty of perjury under the laws of the United States of America:

1. I am a Staff Attorney with the DC Prisoners' Project, a part of the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("WLC"). I have personal knowledge of and could testify to the facts set forth in this declaration.

2. WLC is co-counsel in this litigation with Arnold & Porter LLP.

3. WLC is a non-profit organization founded in 1968 to provide pro bono legal services to address discrimination and entrenched poverty in the Washington, D.C. community. Over the past 45 years, WLC's efforts and programs have expanded from a small staff focused primarily on issues of racial discrimination into a far larger organization providing pro bono representation in a broad range of civil rights and related poverty issues impacting every group protected by our federal, state and local civil rights laws.

4. The D.C. Prisoners Project of the WLC was created in 2007, when the WLC merged with the D.C. Prisoners' Legal Services Project, Inc. ("DCPLSP"). DCPLSP was incorporated in 1986 with the mission to serve the legal needs of D.C.'s incarcerated residents.

5. Today, WLC's active litigation docket of more than 100 matters includes individual cases and class actions, as well as other larger law reform cases, including:

   (a) *Hubbard et al. v. Donahoe*, No. 03-1062 (D.D.C. 2003). WLC and Covington & Burling LLP over a period of 11 years litigated this class action against the Postal Service on behalf of a 6,000 person class of current and former deaf and hearing impaired employees. The settlement was approved this past July, with the Postal service implementing reforms, including the provision of American Sign Language interpreters for important workplace communications, as well as a compensatory damages fund.

   (b) *Claros v. Nastos Construction, Inc., et al.* No. 1:09-cv-01888 (D.D.C. 2009). Together with Cadwalader, Wickersham & Taft LLP and Arnold & Porter LLP, WLC filed a Fair Labor Standards Act collective action on behalf of seven

employees against Nastos Construction, Inc. for failing to pay overtime wages for hours worked in excess of 40 each workweek for three years. This action was also brought as a class action to recover unpaid promised wages. Preliminary approval has been granted for a proposed settlement.

(c) *Brokenborough et al. v. D.C. Department of Corrections* No. 1:13-cv-1757 (D.D.C. 2013). WLC and co-counsel Arnold & Porter LLP represent six current and former female corrections officers at the D.C. Jail. These clients claim extreme sexual harassment by co-workers and superiors, including *quid pro quo* harassment wherein they were given or denied promotions based upon requests for sexual favors as well as incidents in which male co-workers exposed themselves.

(d) *Edwin Lemus v. Lasker & Associates, et al.* No. 373045-V (Cir. Court, Montgomery County, Md. 2013). WLC and Kirkland & Ellis LLP filed a complaint in Montgomery County Maryland alleging that defendants operated an unlawful loan modification scam that defrauded Mr. Lemus and caused him to lose his home. The defendants defaulted as to liability and a settlement was reached.

6. I graduated from the University of Michigan Law School in 1998. I am admitted to practice in the District of Columbia and the Commonwealth of Kentucky, as well as the United States District Courts in the District of Columbia, Colorado, the Eastern District of Kentucky, and Maryland; and the United States Courts of Appeals for the District of Columbia and the Third Circuit.

7. In addition to my work with WLC, I am an Adjunct Professor of Law at the Georgetown University Law School, currently teaching Prison Litigation & Advocacy.

8. I began working for the DCPLSP in 2000, and have worked for the DCPLSP or WLC continuously. At WLC, my work has focused on a range of issues affecting the treatment of prisoners, including the following cases:

(a) *Beale et al. v. District of Columbia et al.*, No. 1:04-CV-0959 (D. D.C. 2004). In November of 2008, DC Prisoners' Project, along with Covington & Burling LLP and Sparks & Silber LLP, secured the largest settlement ever in an inmate wrongful death suit against the District of Columbia. Plaintiff's son was being held at the overcrowded jail on nonviolent charges when he was attacked by a man awaiting sentencing for first degree murder. In addition to the settlement for the Plaintiffs, the case resulted in the passage of the D.C. Jail Improvement Act of 2004 as well as policy changes at the Jail.

(b) *Anderson et al. v. Fenty et al.*, No. 2005 CA 005030 B (Superior Court for the District of Columbia 2005). DC Prisoners' Project, along with Wiley Rein LLP, brought suit on behalf of prisoners at the overcrowded D.C. Jail, under the Jail Improvement Act. The Act required a cap on the population at the Jail, among other things. The Mayor refused to comply, and DC Prisoners' Project filed suit. After two years of litigation, the District was ordered to comply with the Act and impose a population cap. When the District responded with an absurdly high proposed cap, the judge responded by threatening contempt and giving a week to comply with the original order. The District decided to settle rather than seek appeal after extensive press scrutiny. Under the settlement, the District must comply with the population cap except under exigent circumstances.

(c) *Jarboe v. Maryland Department of Corrections* No. 1:12-cv-00572 (D. Md. 2012). DC Prisoners' Project, working with the Committee's Disability Rights Project, Foley & Lardner LLP, and the National Association for the Deaf, filed litigation in 2012 on behalf of a class of hard of hearing and deaf individuals incarcerated in Maryland. The complaint alleges that defendants refused to provide plaintiffs with access to effective telecommunication devices, providing them only obsolete equipment no longer in general use, and charging them higher fees to use this obsolete equipment. The plaintiffs were also not provided appropriate services to alert them to emergencies, or for their educational classes and disciplinary hearings. This case is currently in mediation.

(d) *Wright et al. v. CCA* No. 1:00-cv-00293 (D.D.C. 2000). DCPLSP filed this class action suit in 2000 on behalf of family members, loved ones, legal counsel, and others who receive telephone calls from people incarcerated in prisons run by the Corrections Corporation of America ("CCA"). WLC has continued to provide representation on this case. The CCA had exclusive dealing agreements with a number of phone companies to provide service to the prisoners in those facilities that prevented the plaintiffs from being able to select a carrier, and kept the cost of these calls exceedingly high. In 2001, the court ordered that the claims be raised in the Federal Communications Commission, and granted a stay in the lawsuit while the parties appear before the FCC. In August, the FCC voted on a comprehensive national system that will limit the cost of these calls.

9. All of the WLC attorneys assigned to this matter are capable of, and committed to, prosecuting this action vigorously on behalf of the Class and have the experiences and resources necessary to prosecute this case.

Date: 12/16/13

_Deborah Golden_
Deborah Golden