**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior Judge Richard P. Matsch**

Civil Action No. 12-cv-01570-RPM-MEH

HAROLD CUNNINGHAM,
CARLTON DUNBAR,
JOHN W. NARDUCCI, JR.,
JEREMY PINSON,
JOHN J. POWERS,
ERNEST NORMAN SHAIFER, and
MARCELLUS WASHINGTON,

Each individually and on behalf of all others similarly situated,
and

CENTER FOR LEGAL ADVOCACY
D.B.A. THE LEGAL CENTER FOR PEOPLE
WITH DISABILITIES AND OLDER PEOPLE,
COLORADO'S PROTECTION AND ADVOCACY SYSTEM,

        Plaintiffs,

v.

FEDERAL BUREAU OF PRISONS,

        Defendant.

---

**ORDER GRANTING JEREMY PINSON'S MOTION TO TERMINATE COUNSEL**
**AND DENYING PINSON'S MOTION FOR PRELIMINARY INJUNCTION**

---

Plaintiff Jeremy Pinson filed a Motion for Order Terminating Counsel and For Records

[Doc. 155], citing irreconcilable differences and his desire to prosecute his own claims.

Plaintiffs' counsel does not oppose Pinson's motion to terminate [see Doc. 163] and

Defendant Federal Bureau of Prisons has no position on the issue [see Doc. 179 at 4].

Accordingly, the Court will grant Pinson's motion.

Pinson also filed a *pro se* Motion for a Preliminary Injunction. [See Doc. 168.] Defendant has moved to strike Pinson's Motion under Federal Rule of Civil Procedure 12(f). [See Doc. 179.]

In his Motion for a Preliminary Injunction, Pinson seeks an order prohibiting the future transfer of mentally ill prisoners to ADX and requiring that Defendant remove all inmates with serious mental illness from ADX. [See Doc. 168 at 6.] "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000). Pinson himself cannot adequately represent the putative class of ADX prisoners. See id. Therefore, he may not pursue what amounts to class-wide relief on the putative class' behalf.

Pinson also seeks an order transferring him out of ADX and into a mental health program. [See Doc. 168 at 6.][1] Pinson, as a named Plaintiff in this action, is entitled to seek that individual relief on his own. Under the Prison Litigation Reform Act, in any civil action with respect to prison conditions, preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(2). Pinson has not addressed those considerations, and the Court could not possibly find that a pretrial transfer order is the least intrusive means necessary to correct Pinson's alleged harm;

---

[1] Although Pinson's request to be transferred into the STAGES mental health program did not specifically request that he be transferred out of ADX, the program treats mental health care level 3 inmates. See U.S. Govt. Accountability Office, Bureau of Prisons: Timelier Reviews, Plan for Evaluations and Updated Policies Could Improve Mental Health Services Oversight 49 (July 2013), available at http://www.gao.gov/assets/660/655903.pdf. USP Florence is designated as a mental health care level 2 facility. Id. at 52. The Court infers from that designation that Pinson's request would likely require a transfer out of ADX to a mental health care level 3 facility. Pinson also requested that the Court order that Defendant "remove all inmates suffering from a serious mental illness from ADX within 90 days . . . ." [Doc. 168 at 6.] Pinson's description of his mental health issues indicates to the Court that he includes himself in that group.

such an order would materially invade the discretion Defendant enjoys in administering its prison system and managing the placement of prisoners like Pinson.

Upon the foregoing, it is

ORDERED that Jeremy Pinson's Motion for Order to Terminate Counsel and For Records [Doc. 155] is granted. Plaintiffs' counsel shall forward the case file as it relates to Pinson at their earliest convenience, consistent with the Court's August 6, 2013 Protective Order [Doc. 85], and it is

FURTHER ORDERED that Jeremy Pinson's Motion for a Preliminary Injunction [Doc. 168] is denied, and it is

FURTHER ORDERED that Defendant's Motion to Strike Docket Number 168 [Doc. 179] is dismissed as moot.

Dated:  March 11, 2014.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior District Judge