Exhibit B

BP-A801.060   **CONSENT TO ADMISSION FOR MENTAL HEALTH TREATMENT** CDFRM
FEB 05
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

This is to notify you that as a result of your evaluation we believe you need treatment in the psychiatric hospital of this institution. We believe you have a mental health illness and need this kind of treatment.

The proposed treatment would include different types of psychotherapy and may include psychiatric medications. However, you will not be given any psychiatric medications without your knowledge and consent, unless an emergency arises.

If you agree, you will be admitted now for psychiatric treatment. You will be a voluntary patient. You do have a right to refuse this treatment now or at any time in the future. If you choose to do so, you should notify the warden in writing of your wish to refuse treatment. Staff will help you, if you request, in preparing your written refusal.

By signing this form, I acknowledge that I have discussed this document with staff and I understand my rights and choices regarding psychiatric hospitalization. I hereby consent to inpatient hospitalization for psychiatric treatment.

| Inmate Printed Name/Signature | Inmate Number | Date |
|---|---|---|
| X Jeremy Pinson *(signature)* | 16767-064 | Nov. 5, 2014 |
| Witness Signature *(signature)* | Printed Name/Title Lea Ann Preston Baecht PhD | Date 11-5-14 |

### FOR STAFF USE ONLY

This inmate is ___✓___ is not _____ competent to give informed consent for voluntary admission to the Mental Health Unit.

This assessment is based on the following: Mr. Pinson is making a well-reasoned decision and can articulate the benefits/risks of signing into inpatient mental health treatment. He is aware that he can sign out at any time.

| Physicians/Psychologist Signature | Printed Name/Title | Date |
|---|---|---|
| *(signature)* | Lea Ann Preston Baecht, PhD | 11-5-14 |

(This form may be replicated via WP)                    This form replaces BP-S801 dtd AUG 03

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC - 2 2014

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

GERALD R. RISING, JR.                §
                                     §
vs.                                  §        CIVIL ACTION NO. 13-cv-01056-WYD
                                     §
UNITED STATES OF AMERICA             §
                                     §

GERALD R. RISING, JR.'S PRO SE MOTION FOR RECONSIDERATION
OF THIS COURT'S ORDER DENYING HABEAS CORPUS RELIEF
NOVEMBER 4, 2014

TO:   HONORABLE WILEY Y. DANIEL, PRESIDING
      SENIOR UNITED STATES DISTRICT JUDGE

GERALD R. RISING, JR., Petitioner Pro Se, ("Rising"), moves this Court's reconsideration of this Court's order denying habeas relief pursuant to 28 USC § 2255 on November 4, 2014, and in support of such reconsideration Rising would show this Court as follows:

## I.

### JURISDICTION

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. VAN SKIVER v US, 952 F2D 1241, 1243 (CA10 1991). However such motion may be considered as a motion to alter or amend judgment pursuant to FRCP 59(e) or as a motion seeking relief from judgment pursuant to FRCP 60(b). ID.  A motion filed pursuant to FRCP 59(e) must be filed within 28 days of the order challenged for reconsideration. F.R.C.P. 59(e).  This motion is filed by mail within 28 days of the order challenged, and as such, this Court has jurisdiction to consider the merits of the motion pursuant to FRCP 59(e).

## II.

### ARGUMENTS & AUTHORITIES

1.   Basis for Reconsdieration.  At a bare and forgiving minimum, even though this Court did not find the habeas corpus factual basis sufficient to grant habeas relief, one thing can be said. The factual basis and issue presented are not frivolous as a matter of law. When the petition for habeas re-

2

lief was filed this Court did its due diligence pursuant to 28 USC § 1915A and performed a screening of the pleading. There was not sua sponte dismissal for failure to state a claim for relief, and as such, the government was ORDERED to answer Rising's allegations. A de facto issuance of the writ occurred. If the pleading was "frivolous" as a matter of law this Court would have sua sponte DISMISSED the petition as frivolous.

After the United States answered, and after Rising traversed, time passed and the petition, answer and traverse were subjected to final review for final disposition. In this time Rising moved an evidentiary hearing, which was ultimately denied. The United States never filed for summary judgment making a claim that there was no genuine dispute as to material fact. This omission, on balance, was a tacit admission on the part of the United States that there did, in fact, exist a genuine dispute as to material fact. This Court did not deny Rising's motion for partial summary judgment and summary judgment until after final disposition of Rising's motion pursuant to 28 USC § 2255. As such, the dispute as to material fact was not resolved until final disposition, and without an evidentiary hearing. Rising's motion for evidentiary hearing was dneied by operation of law as the petition was denied without a hearing.

In the end, the basis for this Court's denial of habeas relief was predicated upon Rising having pleaded guilty in open court and admitted conduct to which this Court determined that his plea was knowing and voluntary. There was no rationale for this conclusion other than the bare record of the plea hearing and the denials of involuntary plea by Rising's lawyer and the government's counsel. On the face of the habeas record this case could not constitutionally be finally resolved absent an evidentiary hearing that permitted the taking of evidence beyond the face of the record of the plea hearing. The Supreme Court and the Tenth Circuit are both clear on this reality, and as such this Court should temporarily vacate the order denying relief and hold an evidentiary hearing.

3

2.    <u>Argument: Supreme Court Precedent</u>.  In considering applications for habeas corpus relief sought by prisoners challenging the validity of their guilty pleas even though plea or sentencing proceedings indicate that proper procedures were followed in accepting the guilty plea, federal courts are precluded constitutionally from establishing per se rules excluding all possibility that a defendant's representations at the time his guilty plea is accepted were so much the product of such factors as **misunderstanding, duress or misrepresentations by others as to make the guilty plea a constitutionally inadequate basis for imprisonment.** BLACK-LEDGE v ALLISON, 431 US 63 (1977).  Rising's pleadings are replete with allegations that his plea was involuntary, the product of coersion, misunderstandings and mis-representations.

However, in federal habeas corpus proceedings the prisoner is not automatically entitled to an evidentiary hearing. If his pleadings and allegations and issues are without merit on their face no hearing is required. The government, by motion for dismissal or even summary judgment may test whether facially in-adequate allegations have sufficient basis in fact to warrant plenary presenta-tion of evidence. The prisoner then may produce contrary proof indicating there is a genuine issue of fact for resolution by the District Court. In a federal habeas corpus proceeding before facially adequate allegations are dismissed short of an evidentiay hearing the District Judge must seek as a minimum to obtain evidence from all persons likely to have first hand knowledge of the existence of any plea agreement. ID., BLACKLEGE, supra.

In Rising's case the denial of habeas relief was predicated upon the plea hearing record, almost exclusively. Although the plea or sentencing hearing re-cord constitutes a formidable barrier to a collateral attack on a guilty plea, **that barrier is not insurmountable.**  ID., BLACKLEDGE, supra. In administering the writ of habeas corpus federal courts simply cannot fairly adopt a per se rule excluding all possibility that a defendant's representations at the time of his guilty plea were so much the product to such factors as misunderstanding,

4

misrepresentations or duress as to make the plea constitutionally inadequate as a basis for imprisonment. ID., BLACKLEDGE, supra.; MARCHIBRODA v US, 368 US 487 (1962); FONTAINE v US, 411 US 213 (1973).

Though through such procedures as summary judgment, discovery or expansion of the record, it may develop that a full evidentiary hearing is not required, a habeas petitioner is entitled to careful consideration and full plenary processing of his habeas claims, including full opportunity for presentation of relevant facts at a hearing. HARRIS v NELSON, 394 US 286 (1969).

In its order denying relief this Court presumed that Rising's understanding that his habeas facts, if sufficient to grant habeas relief ab initio because they were found non-frivolous was an erroneous understanding. However, the Supreme Court disagrees and has found that if allegations alleged are not frivolous, ie., sufficient to warrant the granting of habeas relief, these allegations also raise an issue of fact that cannot be resolved merely on the government's denial of the allegations. "When allegations relate to occurences outside the courtroom and upon which the record could cast no real light, and are not so vague and conclusory as to permit summary disposition, the Supreme Court holds that petitioner **is entitled to the opportunity to substantiate the allegations at an evidentiary hearing."** ID., MARCHIBRODA, supra., at 368 US at 494-95. Further, the Supreme Court held in HERMAN v CLAUDY, 350 US 116 (1956) that a habeas petitioner abiding the procedural requisites of filing a timely habeas pleading cannot be denied a hearing on his allegations **simply based on the denials of the prosecution of those allegations.**

It is fairly clear that the Supreme Court has been steadfast, for decades, that statements of an accused to a trial judge that he was guilty are **not themselves sufficient to refute a frivolous or false serious charge made by the defendant** after conviction in a petition for habeas corpus **concerning matters not shown by the record,** such as pleas of guilty resulting from coercion. SEE: WALEY v JOHNSTON, 316 US 101 (1942).

In the end this Court was of the opinion that there was no way Rising

5

could repudiate the bare record of his plea/sentencing proceedings, no matter what claims as to coersion, involuntariness or unknowing guilty plea he made. This belief is constitutionally impermissible and has been for years. "... Although in attacking a plea of guilty a prisoner 'may not ordinarily repudiate' statements made to the sentencing judge when the plea was entered, nonetheless, **there is no procedural device for the taking of a guilty plea <u>so perfect in design and exercise</u> as to warrant a per se rule rendering the guilty plea '... uniformly invulnerable to subsequent challenge ...".** ID., FONTAINE, supra., at 411 US at 215. If the record of the plea hearing does not conclusively show, in light of the allegations made, the defendant was entitled to no relief, the defendant should be given an evidentiary hearing. ID., FONTAINE, supra. In fact, almost all Circuits agree that the record of the plea hearing is not invariably insurmountable. US v McCARTHY, 433 F2D 591 (CA1); US v LaVALLE, 319 F2D 308, 314 (CA2); US v VALENCIANO, 495 F2D 585 (CA3); EDWARDS v GARRISON, 529 F2D 1374, 1377 (CA4); BRYAN v US, 492 F2D 775, 778 (CA5); MAYES v PICKETT, 537 F2D 1080, 1082-1083 (CA9); and US v SIMPSON, 436 F2D 162, 165 (DC Cir.)

In the end the District Court, herein, with the assistance of law clerks not atuned to the entire history of the Great Writ of habeas corpus, was persuaded to make its own factual conclusions, which it is certainly within its authority to do, to resolve the habeas facts presented in Rising's case. However, to have those conclusions reached without an evidentiary hearing? That (the law clerk briefing the matters for Judge Daniel did not brief), is constitutionally impermissible, not because Rising says so, but because the United States Supreme Court and almost every federal circuit court has said so.

As such, this Court's denial of habeas corpus relief as prayed by Rising entered without an evidentiary hearing is constitutionally impermissible, and must be vacated until such time as a full evidentiary hearing can be conducted. Failing such, the denial of habeas relief in Rising's case is impermissible under decades of Supreme Court precedent. Convenience NEVER TRUMPS the Constitution! This Court is constrained to vacate Rising's denial of habeas relief on reconsideration.

3.    <u>Argument: Tenth Circuit Precedent</u>.  Not surprisingly, the Tenth Circuit is right in line with the Supreme Court on this issue. That Court has held that before a district court can deny an evidentiary hearing, especially in cases involving the decision to grant or deny habeas corpus relief, there must be a transcript conclusively showing no violation of the defendant's rights, ie., if too many unanswered questions exist there must be a hearing. EDWARDS v OKLAHOMA, 577 F2D 1119, 1121 (CA10 1978). In Rising's case there is NOTHING in any of the transcripts relied upon by the District Court to deny a hearing and to deny habeas relief, that come close to addressing the allegations raised by Rising in his habeas petition. This Circuit is equally clear that "... An evidentiary hearing <u>must be held</u> if there is no full and fair hearing on <u>the matters asserted in the habeas petition</u> ...".  MARTINEZ v ROMERO, 661 F2D 143, 144 (CA10 1981), citing: BLACKLEDGE v ALLISON, 431 US 63 (1977); and TOWNSEND v SAIN, 372 US 293 (1963).  Only the subsequent presentation of "conclusory allegations" un-supported by specifics is inadequate to show the face of the record is wholly incredible. US v SIMONS, 515 FED.APPX. 754, 757 (CA10 2013), citing: BLACKLEDGE v ALLISON, 431 US 63, 74 (1977); US v WEEKS, 653 F3D 1188, 1205 (CA10 2011). WEEKS holds that unless the motion and record of the case conclusively show that the defendant is entitled to no relief the Court <u>shall grant a prompt hearing, and it is an abuse of discretion to dney a hearing</u>. ID.

Not much more needs be said. The Supreme Court and this Circuit Court are in agreement, a hearing is required! The denial of habeas corpus relief without a hearing is an abuse of discretion.

The conclusion is fairly clear. Either this Court is constrained to follow the precedent of the Tenth Circuit and the United States Supreme Court, **or it is not!**  This Court is going to be hard pressed to justify not conducting an evidentiary hearing in Rising's case, when after Rising filed his habeas petition this Court, acting without prompting by Rising, sua sponte ORDERED the United States to respond to Rising's petition, which occurred after 28 USC § 1915A screening,

7

and can be seen as nothing more nor less but that Rising's pleading was not, on its face, "frivolous" and subject to sua sponte DISMISSAL. Additionally, this Court is going to be hard pressed to justify not conducting a hearing, when even the United States did not file a motion for summary judgment, or make any other claim prior to final disposition, that there existed no genuine issue of material fact. Additionally, this Court is going to be hard pressed to deny that the denial of Rising a hearing on his habeas allegations is anything other than an abuse of discretion when it is the Tenth Circuit precedent from 2011 that makes that conclusion. The need for an evidentiary hearing in this case is empirical, and now squarely put, and it cannot be ignored any further. Either this Court will abide its own abuse of discretion and persist in denying Rising a hearing or in the alternative the Court will simply grant reconsideration, to the end that a hearing can be conducted.

### III.

### CONCLUSION

The conclusion is fairly empirical. This Court should have ordered an evidentiary hearing prior to final resolution of all issues against Rising and in its entirety denying any habeas relief whatsoever. Such a final disposition in the absence of an evidentiary hearing is constitutionally impermissible, not because Rising says so, but because the Supreme Court and the Tenth Circuit Court of Appeals instructs such.

One problem remains. The time for filing notice of appeal/certificate of appealability is not tolled with the timely filing of a motion for reconsideration. Unfortunately, the order denying habeas relief was dated November 4, 2014, and pursuant to FRAP 4 a notice of appeal (and in this case application for certificate of appealability) in a civil case where the government is a party must be filed within 60 days of final judgment. That means this notice of appeal and COA must be filed no later than January 2, 2015. That will give this Court about 30 days to either grant or deny this motion for reconsideration, and if no action

8

is taken by the Court in that time Rising will be constrained to consider the motion for reconsideration denied by operation of law and proceed to filing his application for certificate of appealability pursuant to 28 USC § 2253. In that case this issue will, necessarily, be the lead issue, and empirically, the denial of evidentiary hearing in this case will most certainly be "debatable among jurists of reason and adequate to deserve proceeding further". MILLER-EL v COCKRELL, 537 US 322 (2003). As such, this Court will have lost plenary authority to grant reconsideration and must suffer the eventuality of having to defend a final resolution of this case without an evidentiary hearing when an evidentiary hearing, is clearly mandated under the circumstances of Rising's case.

Accordingly, Rising requests the motion for reconsideration take a priority and preferential position on Judge Daniels' docket as Senior Judge, that other than criminal cases in which he is currently presiding taking priority, that this motion take precedence over the others, to the end that Judge Daniel can grant or deny reconsideration prior to December 24, 2014, to permit Rising an opporutnity to file COA in a timely manner given this Court's denial, and to avoid having to prepare that document in the event of reconsideration being GRANTED. The filing of Notice of Appeal attenuates the filing of COA in this Court, and the filing of notice of appeal causes this Court to lose jurisdiction of this case for all purposes. As such, Rising would request not having to endure that procedural quagmire if it can be avoided.

IV.

## PRAYER FOR RELIEF

WHEREFORE, Rising prays ths Court enters an order granting reconsideration, to the end that an evidentiary hearing is GRANTED and scheduled forthwith. If reconsdieration is DENIED, Rising prays the Court enters written FINDINGS OF FACT and CONCLUSIONS OF LAW in support of such denial. Rising prays for any and all such other relief to which he may show himself entitled.

9

Respectfully Submitted,

Gerald R. Rising, Jr.
Reg. No. 37586-013
Federal Prison Camp
P.O. Box 5000
Florence, Colorado 81226-5000
PETITIONER PRO SE

## CERTIFICATE OF FILING BY MAIL
### AND
### CERTIFICATE OF SERVICE

I, Gerald R. Rising, Jr., being an incarcerated person, and pursuant to 28 USC § 1746, and HOUSTON v LACK, 487 US 266 (1988), DECLARE UNDER PENALTY OF PER-JURY, that the original of this document was duly FILED BY MAIL, by depositing same in the institution's mail depository for legal mail, first class postage prepaid, and addressed to: Clerk, United States District Court, ALFRED A. ARRAJ U.S. COURTHOUSE, 901 19th Street, Denver 80294, on the 1st day of December, 2014.

I further certify that a true and correct copy of this document was duly served on the United States by depositing same in the institution's mail depository for legal mail, first class postage prepaid, and addressed to: Jaime Pena, Assistant U.S. Attorney, 1225 17th Street, Room 700, Denver, Colorado 80202, on the 1st day of December, 2014.

Gerald R. Rising, Jr.
DECLARANT/PETITIONER PRO SE

Gerald R. Rising, Jr.
Reg. No. 37586-013
Federal Prison Camp
P.O. Box 5000
Florence, Colorado 81226-5000


December 1, 2014


Office of the Clerk
United States District Court
District of Colorado
ALFRED A. ARRAJ U.S. COURHTOUSE
901 19th Street
Denver, Colorado 80294-3589


RE:   Gerald R. Rising, Jr. vs United States
      Civil Action No. 13-cv-01056-WYD
      Honorable Wiley Daniel, Senior U.S. District Judge, presiding


Dear Clerk:

    ENCLOSED PLEASE FIND the original and two copies of my motion for reconsideration in the above-referenced habeas proceeding. Please file the original in your ordinary course. Please provide Judge Daniel his complimentary and note to Judge Daniel that time is of the essence as set out in the "conclusion" of this motion. Finally, please return a file marked copy of the motion in the self addressed, stamped envelope I ahve provided.

    Thanking you in advance for your assistance, and I remain,


                                        Sincerely,

                                        Gerald R. Rising
                                        Petitioner Pro Se

ENCLOSURES

cc:   FILE

      Jaime Pena
      Assistant U.S. Attorney
      1225 17th Street # 700
      Denver, Colorado 80202
      COUNSEL FOR UNITED STATES


GRR/jl