# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01570-RPM

HAROLD CUNNINGHAM,
PERCY BARRON,
ALPHONSO BLAKE,
JABBAR CURRENCE,
CARLTON DUNBAR,
SCOTT FOUNTAIN,
SEAN GILLESPIE,
CHARLES HIPPS,
RONNIE HOUSTON,
JOHN LAMB,
HERBERT PERKINS,
JOHN J. POWERS,
ARNELL SHELTON, and
MARCELLUS WASHINGTON,

each individually and on behalf of all others similarly situated,

and

CENTER FOR LEGAL ADVOCACY, D.B.A. DISABILITY LAW COLORADO,

     Plaintiffs,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant.

---

## PARTIAL MOTION TO STRIKE SECOND AMENDED COMPLAINT

---

Defendant files this partial motion to strike the redundant, immaterial, impertinent, or scandalous portions of the Second Amended Complaint (Doc. 274) pursuant to Fed. R. Civ. P. 12(f).

## INTRODUCTION AND BACKGROUND

At the hearing on April 23, 2013, this Court made clear that this case should be brought into "sharper focus."  (Transcript of Hr'g at 17, 18 (Apr. 23, 2013) ("April 2013 Tr.").)  As the Court explained, the "heart" of the case is whether ADX inmates "are not being treated in accordance with the requirements of the Eighth Amendment to the United States Constitution" (*id.* at 32).  However, the Court noted that allegations in the complaint are "extraordinarily broad" (*id.* at 17) – including those about the history of penology in the United States (*id.* at 7, 17) – and that the complaint would be difficult for the Bureau of Prisons to answer (*id.* at 7, 21).  The original complaint was 105 pages, contained 324 paragraphs, and had 17 attachments.  (*See* Doc. 1.)

On May 24, 2013, Plaintiffs filed a First Amended Complaint.  The First Amended Complaint was over 135 pages, contained almost 400 separate paragraphs, and had 22 attachments.  (*See* Doc. 67.)  The only paragraphs Plaintiffs eliminated from the original complaint were those describing former Plaintiff Bacote and Defendants who had been dismissed and the five paragraphs about the history of solitary confinement.  (*See* Doc. 63-2 (redline of proposed amended complaint).)  Defendant moved to strike portions of the First Amended Complaint (*see* Doc. 78), and that motion was fully briefed.

Thereafter, this case was stayed while the parties had engaged in substantial settlement discussions, during which time the Bureau undertook significant efforts to enhance its mental health programming both at ADX and elsewhere within the Bureau. After the stay expired, Plaintiffs requested to file another amended complaint, and the Court set a date for that pleading (*see* Doc. 268).  The Court noted that a new Scheduling Order would relate to the allegations in the complaint and the Bureau's answer to them.

On June 15, 2015, Plaintiffs filed a Second Amended Complaint.  (*See* Doc. 274.)
The Second Amended Complaint is 200 pages and contains almost 600 paragraphs.  (*Id.*)
Plaintiffs added ten new inmate plaintiffs, and removed three (one who was already
dismissed from the action and two who had been released from Bureau custody after having
served their sentences).  Rather than bringing this case into "sharper focus," the Second
Amended Complaint is far broader than the first two complaints.  For example, the class that
Plaintiffs now seek to certify includes not only current and future inmates at the ADX, but
also *former* ADX inmates, starting from when the lawsuit was filed over three years ago.
(Doc. 274 ¶ 581.)  In addition, the subclass Plaintiffs now seek to certify is all inmates who
have a "mental illness" (*id.*), whereas the previous two complaints were limited to those with
a "serious mental illness."[1]  Plaintiffs' Second Amended Complaint also purports to
challenge the efficacy of the numerous policies and practices Defendant has put into place to
*inter alia* address the issues raised in Plaintiffs' original complaint, thus seeking to embroil
the Court in determining how each policy is being carried out and what results the practices
are having – rather than focusing on whether the mental health services provided at ADX
meet constitutional minimums, which is the only claim alleged.[2]  This is not the same lawsuit
that Plaintiffs brought three years ago.

---

[1]  The Second Amended Complaint notes that the Bureau has a Program Statement excluding
from the ADX inmates "currently suffering from serious psychiatric illnesses . . . .", and then
alleges that the Bureau ignores this policy because it assigns inmates to the ADX "even though
they have well-document histories of mental illness" – the qualifier "serious" was deleted in this
latest version of the complaint.  (Doc. 274 ¶ 54.)

[2]  Ironically, Plaintiffs' previous complaints sought to have seriously mentally ill inmates
excluded or transferred from the ADX, and now that that has happened (*see* Doc. 274 ¶ 7(a),(c)
(noting that since Plaintiffs' original complaint was filed, the Bureau has screened inmates for
serious mental illness to exclude them from the ADX and has created "new secure facilities for
treatment of prisoners with serious mental illness, and transferring some ADX prisoners with

In an attempt to sharpen the focus of the case, and in the interests of efficiency, Defendant hereby moves to strike certain allegations in the Second Amended Complaint, so Plaintiffs can "shape this case up" (April 2013 Tr. at 16) and so that the Court and Defendant do not have to waste resources considering and responding to irrelevant material.  Further, the resolution of this motion will assist the Court in properly cabining the scope of discovery to take place in this case, which should be focused on the ADX rather than immaterial allegations about other institutions or irrelevant issues.

## ARGUMENT

This case has just two claims, both of which are brought under the Eighth Amendment: one that Bureau fails to properly screen for and diagnose mental illnesses in ADX inmates, and the other that Bureau fails to treat those illnesses.  A concise, straight-forward statement of the relevant facts is all that is necessary for Plaintiffs to put Defendant on notice of those claims.  Instead, Plaintiffs filed a Second Amended Complaint bloated with conclusory allegations, many of which appear to be intended to inflame or appeal to third parties, such as the media, rather than provide notice of the specific claims in this case. The Court should strike the offending paragraphs so that the pleading is in compliance with Rules 8 and 12 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and

---

serious mental illness to those facilities"), the Second Amended Complaint is rife with allegations that Defendant is seeking to avoid its Constitutional responsibilities with such exclusions and transfers and that even the newly-established special programs established for seriously mentally ill inmates in federal facilities in other states are inadequate.  *See, e.g.*, Doc. 274 ¶¶ 9, 23, 124 (last sentence), 138, 142, 143, 416, 140-142, 524, 551, 574.  It appears that Plaintiffs want this Court to assert jurisdiction over prisons throughout the country, even though such sweeping relief does not fall within the claims they have brought.  *See, e.g., id.* ¶ 143.

Rule 8(d)(1) requires each allegation to be "simple, concise, and direct."  These provisions, "[t]aken together[,] . . . underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix . . . pleadings violate the requirements of Rule 8."  *Daniel v. Laba*, No. 06-cv-01312-BNB, 2006 WL 2226225, at *1 (D. Colo. Aug. 1, 2006) (Boland, M.J.), *habeas petition dismissed* (Sept. 15, 2006).  "Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible. . . ."  *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power . . . to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).[3]

Defendant moves to strike the paragraphs and exhibits that do not comport with Fed. R. Civ. P. 12(f).  Rule 12(f) provides that a "court may strike from a pleading . . . any

---

[3] Alternatively, the Court could dismiss the entire complaint with leave to amend.  The Tenth Circuit has followed that approach and dismissed an amended complaint (with leave to amend) that, like this one, was not the simple, concise, and direct statement required by Rule 8:

> The complaint, as amended, can be fairly described as prolix.  It consists of sixty-three pages, with nine pages of attachments.  It violates Fed.R.Civ.P. 8(a) . . . .  Instead of being short and plain, the complaint is a rambling narration of the discord that developed between [plaintiff] and his two business associates. . . .  The complaint has a "Table of Contents" with some twenty-one "Chapter Headings."

*Ausherman v. Stump*, 643 F.2d 715, 716-17 (10th Cir. 1981); *see also Harrington v. Wilson*, Civ. Action No. 05-cv-01858-EWN-MJW, 2006 WL 2724094, at *8 (D. Colo. Sept. 21, 2006) (recommendation adopted by district judge) (striking amended complaint that was "98 pages long, with 438 enumerated paragraphs . . . 60 footnotes, and approximately 75 additional single-spaced pages which make up 8 appendices containing even more averments and footnotes which the Amended Complaint incorporates by reference" and noting that "[t]he court has spent considerable time very carefully trodding through the plaintiff's rambling, prolix amended pleading, including the appendices, and concludes that it does not comply with the requirements of Rule 8. . .").

redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Stanton v. Encompass Indem. Co.*, Civ. Action No. 12-cv-00801-PAB-KLM, 2012 WL 4466555, at *2 (D. Colo. Sept. 27, 2012) (citation and internal quotation marks omitted).

In *Foster v. Pfizer, Inc.*, No. 00-1287-JTM, 2000 WL 33170897, at *2 (D. Kan. Dec. 12, 2000), *report and recommendation adopted* (Jan. 18, 2001), the court determined that "[r]ather than dismiss the entire complaint under Rule 8, the court [would] review the offending paragraphs in the analysis of Rule 12(f)," and that to "avoid further delay," the court would not require an amended complaint, but order the defendant to "answer only those paragraphs of the complaint which have not been stricken."[4] *Id.* at *4; *see also id.* at *2 (while motions to strike are "generally disfavored because they delay litigation [citations omitted] . . . where a motion to strike removes redundant or immaterial clutter from the case, it serves to expedite, not delay." (citations omitted)). In *Water Keeper Alliance v. U.S. Dep't of Defense*, 199 F.R.D. 445 (D.P.R. 2001), the court reasoned:

> The Amended Complaint, still weighing in at a morbidly obese–256 numbered paragraphs and 48 pages[–]falls well within the range of pleadings that have been routinely dismissed outright by many district courts and at least ordered amended by others. *See* 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1217 (1990 and Supp. 2000). In this case, such amendment is necessary before these proceedings continue.

> Keeping in mind the principles embodied in Rules 8(a)(2) and 12(f), the Court hereby orders the following paragraphs, as numbered in the

---

[4] In an effort to avoid any further delay resulting from the overbroad allegations in the complaint, Defendant files herewith an answer that responds to the paragraphs that are not the subject of this motion. In the event that the Court declines to strike certain paragraphs, Defendant will file an amended answer that responds to the remaining paragraphs.

> Amended Complaint, stricken on grounds of their being inflammatory or
> simply immaterial to the present suit . . . .

*Id.* at 446.

Rule 12(f) only requires that matter be "redundant, immaterial, impertinent, or scandalous" before it is struck.  The Tenth Circuit has not required movants to show prejudice to prevail on a motion to strike.  *See Burrell v. Armijo*, 603 F.3d 825, 836 (10th Cir. 2010) (affirming the striking of paragraphs in the complaint that were not relevant to the claims); *see also Lane v. Page*, 272 F.R.D. 581, 598-99 (D.N.M. 2011) ("The rule does not require that a movant show prejudice, and the advisory committee notes do not contemplate such a requirement.  Moreover . . . the Tenth Circuit has not included prejudice among the elements a litigant must show to prevail on a motion to strike.  On the contrary, in *Burrell v. Armijo* [] . . .  the Tenth Circuit discussed prejudice only in regard to the respondent not showing any as a basis for protesting the decision" – not "imposing a requirement that the movant show prejudice." ).

However, some courts in this district (as well as others) have also required the moving party to "demonstrate prejudice caused by the allegations."  *See, e.g.*, *Holderness v. Birner Dental Mgmt. Servs. Inc.*, Civ. Action No. 12-cv-1391-WJM-MJW, 2013 WL 618162, at *1 (D. Colo. Feb. 19, 2013) (citations omitted).  The prejudice can be the harm to the defendant's "reputation" caused by the allegations, *id.* at *2; being "forced to litigate these unrelated claims," *id.*; the "undue burden of having to respond to [] lengthy and excessive pleadings," *Webster v. Nations Recovery Ctr., Inc.*, Civ. Action No. 09-cv-01685-WYD-MEH, 2009 WL 2982649, at *3 (D. Colo. Sept. 15, 2009); or the undue burden of

responding to allegations that "confuse[] the issues or [are] lengthy and complex," *Foster*, 2000 WL 33170897, at *2.

At the April 23, 2013, hearing, the Court made clear that it would be difficult for the Defendant to answer the "extraordinarily broad" allegations in the original complaint and wanted Plaintiffs to "make it more manageable." (April 2013 Tr. at 17, 32.)  The Court described the original complaint as including "rather lurid descriptions" and being "in some ways a polemic against the Bureau of Prisons." (*Id*. at 19, 22.)

Following the April 2013 hearing, Plaintiffs submitted the Amended Complaint, but it was neither narrower nor more manageable.  It did not eliminate the lurid descriptions or cease being a polemic.  Similarly, the Second Amended Complaint does not correct – but instead compounds – these failings.  It is 200 pages and 593 paragraphs long, complete with its own table of contents.  (*See* Doc. 274.)  The vast majority of the paragraphs Plaintiffs deleted in whole were those relevant to individuals who are no longer named Plaintiffs; no other effort was made to streamline the allegations.  The Second Amended Complaint contains 383 paragraphs about the mental health histories of more than 20 inmates, beginning with their childhoods, in such great detail that it is not typically found in a public record, including information about the mental health histories of non-parties.  (*Id.* ¶¶ 145-454; 507-579.)  Plaintiffs repeat inflammatory allegations; for example, they allege smearing or eating of feces in no fewer than 15 paragraphs.  (*Id.* ¶¶ 5, 38, 60, 63, 89-91, 95, 232, 253, 340, 426, 432, 498, 514.)

"A complaint should not be a preview of counsel's argument to the jury at the end of the case." *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233 (E.D.N.Y. 1999).  A complaint that is "prolix, argumentative, contains evidentiary matter, is long on conclusions

of law and short on allegations of fact" is one that "substantially fails to comply with the requirements of Rule 8(a)," including the requirement that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Barbosa v. Sanchez Vilella*, 293 F. Supp. 831, 833 (D.P.R. 1967); *see also Diamond v. Premier Mfg./Voith Indus. Servs.*, No. 11-12228, 2012 WL 313996, at *4 (E.D. Mich. Jan. 6, 2012) ("[I]n the wake of *Twombly/Iqbal*, a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts."), *report and recommendation adopted*, 2012 WL 314075 (June 3, 2013).  A complaint that is "littered with argumentative statements," should be dismissed.  *Low v. Chu*, No. 09-cv-0505-CVE-PJC, 2009 WL 4582312, at *3 (N.D. Okla. Dec. 1, 2009).

Indeed, at the conference on May 24, 2013, the Court noted that even Plaintiffs' First Amended Complaint had "kind of an unusual format in that you have all of these factual allegations and two claims for relief that are pretty general."  (Transcript of Hr'g at 7 (May 24, 2013) ("May 2013 Tr.").)  The Court expressed concern about Defendant's ability to answer some of the allegations, noting that "I'm just a little perplexed about the format of the pleading and how you expect the Government to answer with (inaudible) going into a good deal of detail, including these allegations about people who are not Plaintiffs," and that "[s]ome of these things are hard to answer because of the nature of the allegations."  (*Id.* at 10, 13).  Plaintiffs' Second Amended Complaint did not correct these problems.  Defendant therefore moves to strike specific paragraphs as set forth below as immaterial and scandalous, and on the grounds that the allegations are prejudicial or responding to them would cause undue burden.

I.      IMMATERIAL MATTER SHOULD BE STRICKEN

"A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded." *Stanton*, 2012 WL 4466555, at \*2 (internal citation omitted).  The following material in the Amended Complaint (organized by topic for ease of analysis) does not have this essential or important relationship.

A.      Allegations about Inmates Who Are Not Housed at or Designated to the ADX and that are Directed at Conditions at Other Facilities Should Be Stricken

Plaintiffs' only two claims are whether Defendant is violating the Eighth Amendment by failing to (1) adequately screen and diagnose mental illness for ADX inmates and (2) treat mentally ill ADX inmates.  *See* Doc. 274 ¶¶ 586-593.  The only relief Plaintiffs seek is injunctive or declaratory.  *See id.*, Prayer for Relief ¶¶ 1-10.  Nonetheless, Plaintiffs seek to include in this case former ADX inmates:  of the fourteen named individual Plaintiffs, four are no longer at or designated to ADX; of the six "constituents" CLA lists, five are no longer at or designated to ADX.  Morevoer, Plaintiffs have revised the class definitions to include "all persons who were, as of the filing date of the original complaint in this case" at the ADX (*id.* ¶ 581).

Allegations about inmates who are no longer at the ADX should be stricken because they are not related to the two remaining claims, which only concern the conditions at ADX. Plaintiffs housed at institutions other than ADX do not have standing to bring a justiciable claim for the prospective relief that is sought.[5]  As the Tenth Circuit has repeatedly held that

---

[5] The Second Amended Complaint does add a request for "an injunction directing Defendant to grant to a court-ordered monitor regular access to any facilities to which Subclass members have been transferred . . . ." (Prayer for Relief ¶ 9), but that relief is not related to the only two claims.

inmates' claims for prospective, equitable relief are moot once the inmate has left the prison he seeks to enjoin. *See*, *e.g.*, *Wardell v. Duncan*, 470 F.3d 954, 957 & n.1 (10th Cir. 2006) (citations omitted) (endorsing district court's dismissal of plaintiff's claims for injunctive and declaratory relief where plaintiff's subsequent parole rendered them moot); *Tootle v. McGuire*, 90 F. App'x 379, 380 (10th Cir. 2004) (dismissing appeal because appellant's release from incarceration rendered it moot); and *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) (discussing constitutional and prudential mootness).[6]  Nor can Plaintiffs whose claims are housed elsewhere be class representatives, as their claims would not meet the requirements of Rule 23 with respect to the claims pleaded here.  *See* Fed. R. Civ. P. 23; *see also Sosna v. Iowa*, 419 U.S. 393, 402-03 (1975) (explaining the general rule that class representatives must have a personal stake at the time the complaint is filed, at the time the class is certified, and at any point in the litigation thereafter).

　　　In bringing this motion, Defendant is mindful of the Court's admonition that while it "would be benefit plaintiffs to be transferred[,] . . . transferring them out and mooting this case as we go along would be unjust."  (Nov. 1, 2013 hearing Tr. at 11-12.)  In response to

---

[6] When this court has considered Eighth Amendment challenges to conditions of confinement, it has found that the claims cannot be pursued by inmates who are no longer in the relevant prison. *See*, *e.g.*, *Escobar v. Maifield*, No. 12-cv-01662, 2015 WL 902692, at *1 (D. Colo. Feb. 27, 2015) (dismissing plaintiff's claim that prison provided inadequate post-incarceration guidance because plaintiff's release from incarceration rendered it moot); *Rivera v. Dowis*, No. 08-cv-02715, 2010 WL 745018, at *15 (D. Colo. Feb. 24, 2010) (dismissing plaintiff's claims for injunctive relief because plaintiff's release from incarceration had rendered them moot); *Lucero v. Hilkey*, No. 06-cv-01467, 2008 WL 552863, at *19 (D. Colo. Feb. 27, 2008) (granting summary judgment against plaintiff on claims for injunctive relief because prisoner-plaintiff's transfer to a new institution rendered those claims moot); *Young v. Martinez*, No. 07-cv-01222, 2008 WL 793575, at *11 (D. Colo. Mar. 21, 2008) (dismissing plaintiff's claims for injunctive relief because plaintiff's transfer to a new institution had rendered them moot); and *Rosales v. Ortiz*, No. 06-cv-2438, 2008 WL 877173, at *14 (D. Colo. Mar. 27, 2008) (dismissing plaintiff's claim for declaratory relief because plaintiff's transfer to a new institution had rendered it moot).

the Court's concerns, Defendant filed a Stipulation that read as follows:  "if, at any time during the pendency of this lawsuit, only one of the named individual Plaintiffs . . . is still incarcerated at the United States Penitentiary, Administrative Maximum ('ADX'), and such remaining individual Plaintiff is scheduled to be transferred out of the ADX or released into the community, Defendant will coordinate with Plaintiffs' counsel to ensure that another inmate is identified and substituted as an individual Plaintiff."  (Doc. 130.)  And Plaintiffs cannot seriously dispute that the reasons that these inmates were transferred to other institutions is so that they could participate in more intensive mental health treatment, not because of any attempt to moot the case.  Indeed, Defendant decided to open one of the three new treatment units at U.S. Penitentiary in Florence, which is within the Court's jurisdiction.

However, the fact remains that the only claims in this case are about the conditions at ADX, and thus those claims must be brought by inmates at ADX.  Any class representative must be housed at ADX, and inmates housed elsewhere do not have legal standing to challenge conditions here.  By striking allegations relating to inmates not at ADX and about conditions at other institutions, the Court will achieve its goal of bring this case into "sharper focus" – *i.e.*, to focus this case on the ADX.

**¶¶ 145-163 (Cunningham), 255-276 (Fountain), 366-382 (Perkins), 383-418 (Powers).**  These paragraphs all pertain to named prisoner Plaintiffs who are no longer housed at or designated to ADX, and Plaintiffs make allegations about these inmates related to their current conditions of confinement.  *See*, *e.g.*, Doc. 274 ¶ 163 (allegations about U.S.P. Hazleton); ¶ 276 (allegations about U.S.P. Atlanta); ¶ 382 (allegations that "several other programs . . . did not provide constitutionally adequate access to mental health treatment").  Accordingly, these allegations do not relate to the claims actually pleaded in the

Second Amended Complaint.  The allegations about these inmates and the institutions where they are currently housed should be stricken (*see*, *e.g.*, Doc. 274 ¶¶ 20, 132 & paragraphs cited *supra*, footnote 2), as the only claims in this case are about the conditions at ADX. Even if these inmates are stricken from the case, ten prisoner Plaintiffs will still remain.

**¶¶ 507-512 (Cole); 513-518 (Francisco); 519-524 (Harris); 525-551 (Hearne); 552-574 (Sablan).** These paragraphs are about "constituents" of association plaintiff Center for Legal Advocacy ("CLA").  Of the "constituents," Mr. Van Noy remains at the ADX and the others have all been moved to treatment units in other states.  Accordingly, they should be stricken for the same reasons as the individual prisoner plaintiffs should be stricken.

In addition, these paragraphs should be stricken because, under the federal statute authorizing CLA, CLA can only represent individuals who "are receiving care or treatment *in the State*."  42 U.S.C. § 10805(a)(1)(B) (emphasis added).  *See also* Doc. 274 ¶ 490 (describing CLA's basis for standing as a congressional mandate to "protect and advocate for its Colorado Constituents"); https://disabilitylawco.org/we-may-be-able-help-you (last visited Jul. 14, 2015) ("Please note that Disability Law Colorado CANNOT provide direct assistance for: . . . Out-of-state issues." DISABILITY LAW COLORADO).  Thus, these out-of-state inmates are outside the scope of CLA's constituency, their allegations are immaterial to the litigation at bar, and all paragraphs pertaining to them should be stricken.

**¶¶ 455-88.**  These paragraphs all discuss the "interested individual," David Shelby, who is no longer incarcerated at ADX.  Mr. Shelby has no claim in this case, and, indeed, Plaintiffs admit, he "is receiving constitutionally adequate mental health care."  (Doc. 274 ¶ 488.)  Defendant should not be required to spend time and resources responding to these

allegations which are not related to the injunctive and declaratory claims about ADX at issue here.

**¶¶ 89-96.** These paragraphs relate to former ADX inmate Richie Hill.  Hill is neither a named party, a CLA "constituent," nor an "interested individual."  Instead, it appears that Hill's allegations are only included to be inflammatory.  The Court recognized the problem with these types of allegations:  "I'm just a little perplexed about . . . how you expect the Government to answer . . . these allegations about people who are not plaintiffs."  (May 2013 Tr. at 10.)  Moreover, the personal details about Hill are statements of "unnecessary particulars."  *See Foster*, 2000 WL 33170897, at *2.  These paragraphs should be stricken as they bear "no essential or important relationship to the claim for relief pleaded."  *Stanton*, 2012 WL 4466555, at *2.

**¶¶ 110-119.** These paragraphs all relate to inmate Robert Knott, who committed suicide while at the ADX.  Mr. Knott was never a named plaintiff in this case, an "interested party," or a CLA "constituent."  Apparently, neither Plaintiffs' counsel nor the CLA ever obtained a representation acknowledgement or a waiver from Mr. Knott.  Allegations about Mr. Knott should be stricken because they bear no relationship to Plaintiffs' requests for prospective relief.  *See Tandy v. City of Wichita*, 380 F.3d 1277, 1290 (10th Cir. 2004) (holding that claims for declaratory and injunctive relief are mooted by a party's death).

**B.**     **Allegations that Are Not Directed to Pleaded Claims for Relief Should be Stricken**

The following paragraphs should be stricken because they do not relate to the two claims pled in the Second Amended Complaint and Defendant would be prejudiced by being "forced to litigate these unrelated events."  *Holderness*, 2013 WL 618162, at *2.

¶ **13.**  This paragraph alleges risks to staff from untreated inmate mental illness.  It should be stricken as immaterial because neither claim in this case is brought on behalf of staff.

¶¶ **16-24.**  Plaintiffs include over nine pages of text in the Second Amended Complaint with the caption "Objectives of this Litigation."  This section does not focus the claims, but instead sets forth descriptions of different levels of care, makes arguments about what the Eighth Amendment requires, continues Plaintiffs' polemic against the Bureau (*e.g.*, "mental health care at ADX is still a small Band-Aid on a gaping wound"), and includes inflammatory allegations about the "horrendous" state of some inmates.  In Plaintiffs' own words this section is "presenting [] the architecture of what we think a constitutional program of mental health treatment is."  (May 2013 Tr. at 9.)  These paragraphs should be stricken or, alternatively, moved to the "Prayer for Relief" section of the Second Amended Complaint, so that Defendant does not have to respond to them.

¶¶ **9 (sentence 6), 23.**  These paragraphs present legal argument about standing and mootness that should be stricken.  Plaintiffs can argue these points in a brief about these legal issues, and Defendant can respond appropriately in a response brief.

¶¶ **46-48.**  These three paragraphs allege that research shows that isolation affects brain activity.  These paragraphs are not relevant to Plaintiffs' claims because Plaintiffs do not challenge isolation *per se* (*see* Doc. 274 ¶ 24), but instead the mental health care provided at the ADX.

¶¶ **375-376**.  Defendant has moved to strike these paragraphs (and others) as explained above (see pp. 10-12, *supra*) because they relate to Plaintiff Perkins, who is no longer an ADX inmate.  If the Court declines to grant the motion to strike the allegations

about Mr. Perkins on that ground, it should nonetheless strike these two paragraphs.  These paragraphs allege retaliatory actions taken by the ADX staff against an inmate for his participation in this litigation.  The Second Amended Complaint does not contain a retaliation claim, and accordingly these paragraphs should be stricken.  *See Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 677 (D. Kan. 2004) (striking as immaterial and impertinent allegations that "serve no purpose other than to incite unfair prejudice against Defendant, as Plaintiff has not alleged a retaliation claim").

### C. Certain Allegations About Other Litigation Should be Stricken

Plaintiffs have included numerous paragraphs about other litigation filed by inmates, none of whom is a Plaintiff, "interested individual," or "constituent."  Plaintiffs claim that these lawsuits placed Defendant on "notice."  (Doc. 274 at page 60.)  However, the overwhelming majority of these cases were dismissed this Court before any defendant was served, and thus these cases did not provide any "notice" to the Bureau.  The allegations made in different lawsuits are immaterial to this litigation and should be stricken.  *See Webster*, 2009 WL 2982649, at *3 (when one paragraph "succinctly summarize[d] the foundation" the court struck the "following fifty paragraphs detailing each of the twenty-three lawsuits [because they] embody exactly a 'statement of unnecessary particulars.'  The prejudice to Defendants lies in their undue burden of having to respond to such lengthy and excessive pleadings."); *see also Foster*, 2000 WL 33170897, at *3 (paragraph stating that "symptoms and tragic results (violence and suicide) have been the subject of hundreds of law suits" stricken because "[t]hat lawsuits have been filed and opposed by defendants is immaterial and irrelevant to the [] theories in this case").

¶¶ 120-127.  These paragraphs should be stricken for one or more of the following three reasons (the inmate filing the lawsuits in each paragraph is referenced in parentheses):

**a.  ¶¶ 120 (Mallett: references to 09-cv-1823 and 11-cv-1567), 121 (Georgacarakos: references to 09-cv-1648), 122 (Thirkield), 124 (Davis), 125 (Stine).** These are references to lawsuits in which no defendant was ever served or appeared.  (*See* Exs. A-E to Doc. 78 (docket sheets from these lawsuits).)  Thus, these lawsuits cannot be construed as providing notice, and these paragraphs should be stricken as immaterial.

**b.  ¶¶ 120 (Mallett), 121 (Georgacarakos), 122 (Thirkield), 123 (Baxter/Hill), 124 (Davis), 125 (Stine), 126 (Shaifer).** These paragraphs each refer to lawsuits filed by an inmate who is not a Plaintiff, "interested individual," or "constituent." Thus, these paragraphs should be stricken as immaterial.  (*See* May 2013 Tr. at 10 (expressing concern about "allegations about people who are not Plaintiffs").)

**c.  ¶¶ 121 (Georgacarakos: references to 05-cv-2207), 126 (Shaifer).** The 2005 lawsuit referenced in paragraph 121 and the 2003 lawsuit referenced in paragraph 126 were filed more than 6 years before this case was filed.  Thus, any claims arising out of issues raised in those suits are barred by statute of limitations.

¶ 127.  This paragraph summarizes the paragraphs above, which should all be stricken.

¶¶ 99-109.  These paragraphs all concern Jose Vega, who is the subject of separate litigation before this Court, but who is not a Plaintiff, "interested individual", or "constituent" in this litigation.  That lawsuit was not served until after the instant case was filed.

### D.   Unnecessary Descriptive Allegations about the Center for Legal Advocacy Should be Stricken.

The Second Amended Complaint includes as a plaintiff the Center for Legal Advocacy ("CLA") and contains a six-page section (consisting of 18 paragraphs) with the heading "Allegations Relating to the Center for Legal Advocacy."  (Doc. 274 ¶¶ 489-506.) Defendant hereby moves to strike nine of the eighteen paragraphs as immaterial.  It would be an undue burden on Defendant to have to "respond to such lengthy and excessive pleadings." *Webster*, 2009 WL 2982649, at *3.

**¶¶ 491-499.**  These paragraphs discuss CLA's internal operations and procedures and the decision-making process for joining this litigation.  The allegations are not relevant to either of the claims in the Amended Complaint.  For example, ¶ 494 alleges that "Over sixty percent (60%) of CLA's PAIMI Advisory Council consists of members who have received or are receiving mental health services or who have family members who have received or are receiving mental health services."  In addition to being immaterial, Defendant is not in a position to answer the allegations about CLA's internal operations.  Forcing Defendant to respond to these allegations would be a waste of resources and cause delay in the litigation.

### E.   Paragraphs Containing Unnecessary Particulars Should be Stricken

"Immaterial" includes "*a statement of unnecessary particulars in connection with that which is material.*"  *Foster*, 2000 WL 33170897, at *2 (citations omitted) (emphasis added in *Foster*).  The Second Amended Complaint includes the following "unnecessary particulars" that should be stricken because it would be an undue burden to Defendant to have to respond to the excessive particulars:

¶ 63 (except for the first sentence), ¶ 64 (except for the first three sentences), ¶ 65 (except for the first sentence). Paragraphs 61, 62 and the portions of paragraphs 63-65 that are not the subject of this motion set forth the facts relevant to Plaintiffs' two claims, *i.e.*, that mentally ill inmates are confined at the ADX and are not adequately treated. The remaining allegations of paragraphs 63-65 are inflammatory descriptions of some behavior of inmates that should be stricken as "unnecessary particulars."

¶¶ 37-42. These six paragraphs describe irrelevant details about the Joker Unit at the ADX, including details about recreation groups and inmate assaults. These details do not relate to mental health issues and thus do not further the two claims in the Second Amended Complaint.

¶¶ 167-170 (Barron); ¶¶ 189-199 (Blake); ¶¶ 210-218 (Currence); 241-244, 246, 248-249, 253 (Dunbar); ¶¶ 279-288 (Gillespie); ¶¶ 302-307 (Hipps); ¶¶ 330-333, 336-339 (Houston); ¶¶ 348-355, 357 (Lamb); ¶¶ 421-426 (Shelton); ¶¶ 448-451 (Washington); and ¶¶ 576-577 (Van Noy). Defendant is not moving to strike the paragraphs summarizing the pertinent portions of each individual's background and his mental health issues. However, Defendant is moving to strike the pages and pages of particulars which are not necessary for each Plaintiff and "constituent," and which would impose an undue burden on Defendant if it had to respond to each allegations, including those about each Plaintiff's upbringing and the mental health of family members,[7] as well as issues occurring prior to arrival at the ADX. As the Court noted at the May 24, 2013, hearing, it was "just a little

---

[7] *See, e.g.*, Doc. 274 ¶ 348 (alleging that Mr. Lamb "has one brother, who is currently incarcerated in a prison mental health facility in Soledad, California and receiving treatment for Bipolar Disorder"). Again, it is troubling that Plaintiffs put this personal medical information about third parties in the public record.

perplexed about the format of the pleading and how you expect the Government to answer with (inaudible) going into a good deal of detail, including these allegations about people who are not plaintiffs."  (May 2013 Tr. at 10.)

### 1.  The Exhibits to the Complaint Should be Stricken

**Exhibits 1-27.**  Attached to the Second Amended Complaint are 27 exhibits – all are photographs of the prison or the inmates.  (Docs. 274-1 to 274-27.)  These exhibits should be stricken as immaterial.  Rule 10(c) of the Federal Rules of Civil Procedure provides for exhibits to a pleading, but any exhibit must be a "written instrument."  District courts within the Tenth Circuit have determined that photographs are not "written instruments" as required by Rule 10(c) and therefore should be stricken as immaterial under Rule 12(f).  *See Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240 (D. Kan. 2012) (striking x-rays and photographs attached to the complaint); *cf. Cabot v. Wal-Mart Stores, Inc.,* No. CIV 11-0260 JB/RHS**,** 2012 WL 1378529, at *8 (D.N.M. Apr. 10, 2012) (concluding that the photographs are not written instruments and striking them from the body of the pleading but permitting them as attachments because the defendant did not object); *see also EEOC v. Bo-Cherry, Inc.*, No. 3:13-cv-00210-MOC-DSC, 2013 WL 2317724 (W.D.N.C. May 28, 2013) (striking photograph attached to defendant's answer).

The exhibits are photos of the ADX and named inmates.  The photos are not relevant to Plaintiffs' claims, serve only to inflame or appeal to the media, and the Bureau cannot "respond" to them.  Exhibits 1-27[8] to the Second Amended Complaint should be stricken as immaterial.

---

[8] The Court should similarly strike the references identifying the attached exhibits from the following paragraphs:  ¶¶ 30, 31, 34, 37, 81, 145, 164, 187, 207, 240, 255, 277, 328, 345, 366, 383, 402, 419, 447, 468, 507, 513, 519, 525, 552, 575.

## II.     SCANDALOUS MATTER SHOULD BE STRICKEN

Scandalous allegations are those that degrade a party's moral character, contain repulsive language, or detract from the court's dignity.  *See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997).  This Court described the original complaint as "in some ways a polemic against the Bureau of Prisons" and noted that it included "rather lurid descriptions."  (April 2013 Tr. at 22, 19.)  The Second Amended Complaint does not eliminate those problems.  Courts have stricken the type of material that remains in the Second Amended Complaint.  For example, courts have stricken as scandalous and immaterial:

- "argumentative rather than 'background' allegations," *Foster*, 2000 WL 33170897, at *3;

- allegations that "go well beyond notice pleading and imply some illegal or immoral conspiracy," *id*.;

- a paragraph that "adds nothing to the complaint except an emotional 'sound-bite' for the media," *id.* at *4;

- "veiled references to the Columbine tragedy and the murder of [an actor] a[s] merely attempts to sensationalize this complaint for publicity purposes," *id.* at *3;

- paragraphs that could harm the defendant's reputation, *Holderness*, 2013 WL 618162, at *2; and

- allegations about "unethical practices," *id.*

The prejudice to Defendant of the scandalous matter is the harm to its reputation and that of its employees, *id.*, as well as the burden of having to litigate these unrelated matters. To save time and resources, this Court should strike as scandalous (and also as immaterial) the following material from the Amended Complaint:

**¶¶ 2 (final two sentences), 5, 6, 45 (second sentence), 60 (final two sentences).**

These allegations use argumentative and inflammatory language to describe the ADX (*e.g.*, "BOP turns a blind eye . . . to deplorable conditions"; "No civilized society treats its mentally ill citizens with such deliberate indifference"; "harsh and unforgiving disciplinary regimen"; the staff uses a "brutal disciplinary model" which is "an instrument of terror and abuse"). The allegations do not further the claims, but instead make for sensationalized quotations. Furthermore, the allegations in paragraph 5 are conclusory without any specific facts alleged in support, making it difficult, if not impossible, for Defendant to answer.

¶ **43.** This paragraph is only a polemic against the Bureau, arguing that it makes a "calculated effort to dominate prisoners through the use of punitive techniques."

¶ **44 (first two sentences).** These sentences should be stricken because of the scandalous nature of the allegations – with no particularized facts in support – arguing that ADX staff "routinely use physical abuse." There is no claim in this case of physical abuse.

¶ **59 (sixth sentence).** This sentence alleges that instructing a mentally ill prisoner to "self-treat his disease with coping skills is like demanding that a diabetic prisoner learn to 'cope' without insulin." This should be stricken because it is scandalous and Defendant would not be able to answer it.

¶¶ **67, 79 (sentences 2, 5-7), 80-84, 86, 88.** These paragraphs accuse ADX staff of malicious motives or unethical practices (alleging "barbaric treatment more suited to the dungeons of medieval Europe," a "deceptive hoax" about feeding inmates, "abuse and torment prisoners," "shrieking and suffering of prisoners undergoing such abuse," and "utter disdain for human dignity"), and are designed to harm Defendant's and federal officials' reputations. Furthermore, the alleged practices do not have an essential relationship to the

claims of failure to diagnose and treat serious mental illness, and the paragraphs contain unnecessary detail.  For all of these reasons, this material should be stricken.

¶¶ **137 (fourth sentence), 326, 358**.  Plaintiffs allege that Bureau doctors deliberately changed inmates' diagnoses and medications so they could be housed at the ADX.  *See also* ¶ 8(a) (alleging the Bureau "manipulated diagnoses").  This material accuses doctors of unethical conduct and impugns their reputations.  The material should be stricken because it is scandalous, not relevant to Plaintiffs' claims, and is not supported by any specific alleged facts.

¶ **458 (second sentence).**  Defendant has moved to strike this paragraph on the grounds that it is part of the section relating to inmate Shelby, who is no longer housed at ADX.  In this paragraph, Plaintiffs allege that the Bureau's administrative process is a "kangaroo court that throws bureaucratic roadblocks at prisoner's feet."  If the Court declines to strike this sentence for the reasons above, it should strike it because this rhetoric impugns Defendant and detracts from this Court's dignity, and should thus be stricken.

¶ **460 (last sentence), 461-463.**  Defendant has moved to strike these paragraphs on the grounds that it is part of the section relating to inmate Shelby, who is no longer housed at ADX.  These paragraphs allege that the role of ADX's former Special Investigative Agent was a "cruel hoax" – insinuating improper motives and conduct in investigations – because the former Agent is married to a former Captain.  This material alleges unethical practices and attacks Defendant's, the Agent's, and the Captain's reputations.  If the Court declines to strike these provisions for the reasons above, it should be stricken as scandalous and because it is immaterial to the claims in the case.

# CONCLUSION

Defendant respectfully requests that the Court grants its Partial Motion to Strike, and strike the paragraphs that do not comply with Fed. R. Civ. P. 12(f).  The paragraphs and exhibits outlined above should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as immaterial and scandalous matter and as prejudicing Defendant.  Striking this material will conserve resources because the parties will not have to litigate matters that will have no effect the outcome of the case.

DATED this 22nd day of July, 2015.          Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/ Amy L. Padden
Amy L. Padden
Assistant United States Attorney
Deputy Chief, Civil Division
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: amy.padden@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

       I hereby certify that on this 22nd day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

ed.aro@aporter.com
Maurice.leiter@aporter.com
holly.sterrett@aporter.com
Paul.Rodney@aporter.com
valerie.swanson@aporter.com
susan.cole@aporter.com
linda.teater@aporter.com
deborah_golden@washlaw.org

 

s/ Amy L. Padden
Amy L. Padden
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0408